Docket Nos. 83810, 83950, 83951, 83952 cons.–Agenda 

9–September 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DANIEL LOMBARDI, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SHAVEZ L. EVANS, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TIMOTHY L. WASHINGTON, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ELIJAH 

 THOMAS, Appellee.

Opinion filed December 17, 1998.

JUSTICE McMORROW delivered the opinion of the court:

The issue presented in these four consolidated appeals is whether the statutory penalty for armed violence involving a Category I weapon (720 ILCS 5/33A–3 (West 1996)) is unconstitutional when the underlying felony for this offense is possession of a controlled substance or residential burglary. Prior to trial, the circuit court of Kankakee County dismissed the armed violence charges against the defendant in each case on the basis that the penalty for armed violence violates the due process and proportionate penalties provisions of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §§2, 11). The State appealed the dismissal orders directly to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603). We hold that the penalty for armed violence predicated on possession of a controlled substance while armed with a Category I weapon is not unconstitutional. However, we determine that the penalty for armed violence predicated on residential burglary while armed with a Category I weapon violates the proportionate penalties clause. 

BACKGROUND

Causes Nos. 83810 and 83952

In cause No. 83810, defendant Daniel Lombardi was charged by indictment with multiple offenses stemming from his alleged October 6, 1995, sale of a controlled substance to an undercover police officer while carrying a handgun in his jacket pocket. Among the charges included in the indictment was one count of armed violence predicated on possession of a controlled substance while armed with a Category I weapon (see 720 ILCS 5/33A–2; 570/402(c) (West 1994)). Prior to trial, Lombardi moved to dismiss the armed violence count on the basis that the penalty for this offense violates the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11), as well as the due process provisions of both state and federal constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2).

In cause No. 83952, an indictment charged defendant Elijah Thomas with armed violence, possession of a controlled substance, and unlawful use of a weapon. According to the allegations of the indictment, on April 7, 1997, Thomas was found in possession of a controlled substance while armed with a handgun. Like Lombardi, he filed a pretrial motion to dismiss his armed violence charge, which was also predicated on possession of a controlled substance while armed with a Category I weapon (see 720 ILCS 5/33A–2; 570/402(c) (West 1996)). Thomas asserted that the penalty for this offense is unconstitutionally disproportionate.

On July 29, 1997, the circuit court granted Lombardi's and Thomas' motions and dismissed the armed violence charges against them. In its written order, the circuit court compared armed violence (possession of a controlled substance) while armed with a Category I weapon with other offenses involving the use of dangerous weapons. The court found that armed violence (possession of a controlled substance) is a less serious offense than aggravated battery of a police officer with a firearm or aggravated criminal sexual assault because these offenses are inherently violent, whereas armed violence (possession of a controlled substance) does not necessarily involve violence. After noting that the 15- to 30-year penalty for the armed violence offense (720 ILCS 5/33A–3(a) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996)), is greater than the penalty for aggravated battery of a police officer with a firearm (720 ILCS 5/12–4.2 (a)(2), (b) (West 1996)), or aggravated criminal sexual assault when a dangerous weapon is used (720 ILCS 5/12–14 (a)(1), (d) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996)),
(footnote: 0) the circuit court concluded that penalty for armed violence based on possession of a controlled substance while armed with a Category I weapon violates the due process and proportionate penalties provisions of the Illinois Constitution.

Causes Nos. 83950 and 83951

In the two other cases consolidated for review, the circuit court also dismissed the armed violence charges against defendants prior to trial. In causes Nos. 83950 and 83951, a joint indictment alleged that defendants Shavez L. Evans and Timothy L. Washington committed residential burglary on December 7, 1996, while armed with a handgun. The indictment included a charge of armed violence predicated on residential burglary while armed with a Category I weapon (720 ILCS 5/19–3 (a), 33A–2 (West 1996)). Evans and Washington moved for dismissal of the armed violence charge, arguing that the penalty for this offense violates the proportionate penalties and due process provisions of the Illinois Constitution of 1970. 

On August 18, 1997, the circuit court dismissed the armed violence charges against Evans and Washington. In accordance with its decision in Lombardi's and Thomas' cases, the circuit court concluded that the penalty for armed violence (residential burglary) involving a Category I weapon is disproportionate because this offense is “nonviolent,” yet it results in a greater penalty than provided for violent offenses, such as home invasion.

In each defendant's case, the State appealed the circuit court's order directly to this court. 134 Ill. 2d R. 603. We granted the State's motion to consolidate the cases for purposes of review.

ANALYSIS

Statutes are presumed constitutional, and the party bringing a constitutional challenge to a statute has the burden of clearly establishing a constitutional violation. 
People v. Miller
, 171 Ill. 2d 330, 333 (1996). In this case, defendants
(footnote: 0) argue that the penalty for the armed violence charges alleged in their indictments violates article I, section 2, of the Illinois Constitution of 1970, which provides: “No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.” Ill. Const. 1970, art. I, §2. In addition, they contend that the penalty for these charges violates article I, section 11, which is commonly known as the proportionate penalties clause. This clause provides in relevant part: “All penalties shall be determined *** according to the seriousness of the offense ***.” Ill. Const. 1970, art. I, §11.

 The constitution empowers the legislature to “declare and define conduct constituting a crime and to determine the nature and extent of punishment for it.” 
People v. Steppan
, 105 Ill. 2d 310, 319 (1985). The legislature is “more aware of the evils confronting our society and therefore is more capable of measuring the seriousness of various offenses.” 
People v. Koppa
, 184 Ill. 2d ___ (1998). For these reasons, courts are reluctant to invalidate penalties established by the legislature. 
People v. Lee
, 167 Ill. 2d 140, 145 (1995).

1. Due Process

With these standards in mind, we first address defendants' argument that the penalty for armed violence with a Category I weapon violates the due process requirements of the Illinois Constitution when the underlying felony is possession of a controlled substance or residential burglary. A penalty prescribed for a certain offense satisfies the requirements of due process so long as it is “reasonably designed to remedy the evils that the legislature has determined to be a threat to the public health, safety, and general welfare.” 
People v. Hickman
, 163 Ill. 2d 250, 259 (1994).

The armed violence statute was enacted as a response to the “ ` “growing incidence of violent crime.” ' ” 
People v. Condon
, 148 Ill. 2d 96, 109 (1992), quoting 
People v. Alejos
, 97 Ill. 2d 502, 507-08 (1983), quoting 
People v. Graham
, 25 Ill. App. 3d 853, 858 (1975). Specifically, it was intended to deter individuals from carrying a dangerous weapon when committing a felony. 
Koppa
, 184 Ill. 2d at ___. The statute makes it an offense to commit any felony defined by Illinois law while armed with a dangerous weapon (720 ILCS 5/33A–2 (West 1996)) and describes three categories of “dangerous weapon” (720 ILCS 5/33A–1 (West 1996)). The sentence for an offense of armed violence depends on the category of weapon used. 720 ILCS 5/33A–3 (West 1996).

In the consolidated cases before us, all four defendants are alleged to have been armed with a handgun during the commission of a felony. The armed violence statute designates a handgun as a Category I dangerous weapon. 720 ILCS 5/33A–1(a), (b) (West 1996). Armed violence involving a Category I weapon is a Class X felony, for which the minimum sentence is 15 years. 720 ILCS 5/33A–3 (a) (West 1996).

Had Lombardi and Thomas been unarmed during the commission of the felony underlying their armed violence charges, possession of a controlled substance, they would have been subject to a sentence of only one to three years. See 720 ILCS 570/402(c) (West 1996); 730 ILCS 5/5–8–1(a)(7) (West 1996). Absent previous controlled substance offenses, they would have been eligible for probation. See 720 ILCS 570/410(a) (West 1996). Based on the involvement of a handgun in their alleged offenses, however, the armed violence statute increases their minimum potential sentence to 15 years. 

Similarly, had Washington and Evans been unarmed during the residential burglary they are alleged to have committed, their potential sentence for this offense, a Class 1 felony, would have been 4 to 15 years. 720 ILCS 5/19–3 (a), (b) (West 1996); 730 ILCS 5/5–8–1(a)(4) (West 1996). Under the armed violence statute, however, their potential penalty is increased to 15 to 30 years, based on the allegation that they were armed with a handgun during the burglary.

Although the penalties for the offenses with which defendants were charged are substantially increased by the armed violence statute, we find no due process violation. “The presence of a weapon enhances the danger that any felony that is committed will have deadly consequences should the victim offer resistance.” 
People v. Alejos
, 97 Ill. 2d 502, 508 (1983). Based on this concern, the legislature could have reasonably determined that the stringent penalties prescribed by the armed violence statute were necessary to achieve its objective of discouraging offenders from carrying weapons when committing a felony.

Thomas contends, however, that the penalty for armed violence (possession of a controlled substance) violates the principles of due process because it is not rationally related to the purpose of the controlled substance statutes. He points out that, in enacting the controlled substance statutes, the legislature intended to punish controlled substance traffickers more severely than individuals committing other drug offenses, such as possession of a controlled substance. See 720 ILCS 570/100, 401(e), 401.1(b), 402(c) (West 1996). According to Thomas, the armed violence statute “nullifies” this intended distinction because the penalty for an offense of armed violence is the same, regardless of which controlled substance offense serves as the predicate felony. Thomas concludes that the penalty for armed violence is unconstitutional because it is not reasonably designed to achieve the purpose of the controlled substance statutes.

The flaw in Thomas' analysis is that he relies on a perceived inconsistency between the penalty for armed violence (possession of a controlled substance) and the purpose of the controlled substance statutes. Due process, however, requires only that the challenged penalty be reasonably related to the purpose of the statute containing the penalty. See 
Hickman
, 163 Ill. 2d at 259 (“Due process requires that the legislature reasonably design penalty provisions to remedy the particular evil which the legislature has selected for treatment under the statute 
in question
” (emphasis added)). If Thomas were challenging the constitutionality of the penalties contained in the controlled substance statutes, the purpose of these statutes would be relevant to our analysis. Instead, he argues that the penalty imposed by the armed violence statute violates due process. Accordingly, the proper inquiry is whether the armed violence penalty is relevant to the purpose of the 
armed violence
 statute, and we need not consider the purpose of the controlled substance statutes. Because we find that the penalty contained in the armed violence statute is reasonably designed to achieve the legislature's goal of deterring individuals from arming themselves with dangerous weapons during the commission of a felony, we reject Thomas' due process challenge to the penalty for armed violence (possession of a controlled substance) while armed with a Category I weapon.

For similar reasons, we find that Evans and Washington's discussion of the home invasion statute fails to show that the penalty for armed violence violates due process when the underlying felony is residential burglary. Evans and Washington attempt to show a due process violation by comparing the penalty for armed violence (residential burglary) with a Category I weapon to the penalty for home invasion. The elements of this armed violence offense are (1) knowingly and without authority entering the dwelling place of another, (2) with the intent to commit therein a theft or felony (3) while armed with a dangerous weapon. See 720 ILCS 5/19–3(a), 33A–2 (West 1996). A person commits home invasion when he or she (1) knowingly enters the dwelling place of another with knowledge that one or more persons is present, and (2) while armed with a dangerous weapon, uses force or the threat of imminent force upon any person in the dwelling place or causes injury to such a person. See 720 ILCS 5/12–11(a) (West 1996). The sentence for armed violence (residential burglary) while armed with a Category I weapon is 15 to 30 years (720 ILCS 5/33A–3(a) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996)), while the sentence for home invasion is 6 to 30 years (720 ILCS 5/12–11(c) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996)). According to Evans and Washington, the fact that armed violence (residential burglary) is punished more severely than home invasion, a more violent crime, demonstrates that there is no rational relationship between the penalty for armed violence and the purpose of the armed violence statute, which is the deterrence of violent felonies. 

Again, Evans and Washington's argument reflects a misunderstanding of the limited scope of the due process analysis. The essential question with respect to their due process challenge is whether the armed violence statute is reasonably related to the legislature's purpose in enacting that statute. The fact that home invasion may be a more serious crime and be punished less severely does not demonstrate that the 
armed violence
 statute is not reasonably related to the goal of deterring violent crime. This court has recognized that “the availability of different punishments for separate offenses based on the same acts does not offend due process.” 
Hickman
, 163 Ill. 2d at 260; see also, 
e.g.
, 
People v. Christy
, 139 Ill. 2d 172, 179 (1990); 
People v. Wade
, 131 Ill. 2d 370, 379 (1989). By attaching a 15-year minimum sentence to felonies committed while armed with a Category I weapon, the legislature reasonably designed the armed violence statute to achieve its purpose: discouraging individuals from carrying weapons when committing a felony. We hold that defendants have failed to satisfy their burden of demonstrating that the penalty for armed violence predicated on possession of a controlled substance or residential burglary while armed with a Category I weapon violates due process. 

2. Proportionality

Having rejected defendants' due process challenge, we turn to their other constitutional argument, that the armed violence statute violates the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §11). This clause requires the legislature to proportion penalties according to the seriousness of offenses. 
Koppa
, 184 Ill. 2d at ___.

In evaluating challenges to penalties under the proportionate penalties clause, this court has employed three different analyses. First, a penalty violates the proportionate penalties clause if it is “ ` “cruel,” “degrading” or so “wholly disproportionate to the offense committed as to shock the moral sense of the community.” ' ” 
People v. Bailey
, 167 Ill. 2d 210, 236 (1995); see also 
People v. Davis
, 177 Ill. 2d 495, 503 (1997); 
People v. Farmer
, 165 Ill. 2d 194, 210 (1995). Second, a penalty is invalid under the proportionate penalties clause where similar offenses are compared, and conduct that creates a less serious threat to the public health and safety is punished more severely. See, 
e.g
., 
Davis
, 177 Ill. 2d at 503, 506-07; 
People v. Wisslead
, 94 Ill. 2d 190, 194-97 (1983). Third, there is a violation of the proportionate penalties clause when identical offenses are given different sentences. See, 
e.g
., 
People v. Lewis
, 175 Ill. 2d 412, 417-18 (1996); 
Christy
, 139 Ill. 2d at 181.

The State and defendants agree that only the analysis involving the comparison of similar offenses is applicable to defendants' limitation-of-penalties challenge. Thus, the limited issue before us is whether the penalty for armed violence (possession of a controlled substance) or armed violence (residential burglary) involving a Category I weapon is invalid under the cross-comparison analysis.

Causes Nos. 83810 and 83952

With respect to the charges in Lombardi's and Thomas' cases, Thomas argues that the penalty for armed violence (possession of a controlled substance) is disproportionate when compared to aggravated battery with a firearm or aggravated criminal sexual assault. In addition, he argues that a comparison of armed violence (possession of a controlled substance) to armed violence predicated on other controlled substance offenses demonstrates a violation of the proportionate penalties clause. We begin with a discussion of the first comparison. 

Thomas argues that the circuit court correctly based a finding of disproportionality on a comparison of armed violence (possession of a controlled substance) involving a Category I weapon to aggravated battery with a firearm and aggravated criminal sexual assault. Armed violence (possession of a controlled substance) involving a Category I weapon is a Class X felony, for which the punishment is 15 to 30 years' imprisonment. 720 ILCS 5/33A–3 (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996). Aggravated battery with a firearm and aggravated criminal sexual assault are Class X felonies, for which the punishment is 6 to 30 years' imprisonment. 720 ILCS 5/12–4.2(b), 12–14(d) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996).
(footnote: 0) Thomas contends that aggravated battery with a firearm and aggravated criminal sexual assault are more serious crimes than armed violence (possession of a controlled substance) while armed with a Category I weapon because they involve an actual threat or use of violence, whereas the armed violence offense concerns simple possession of a weapon. He maintains that the greater penalty for armed violence, therefore, violates the proportionate penalties clause. 

In 
People v. Davis
, 177 Ill. 2d 495 (1997), we explained that the cross-comparison analysis involves a two-step inquiry: (1) whether the purposes of the compared offenses are “distinct such that comparative proportionality review is not appropriate"; and (2) if the purposes are “related,” whether the offense with the harsher penalty is more serious than the offense with the less severe penalty. 
Davis
, 177 Ill. 2d at 506. Thomas ignores the first step of the 
Davis
 inquiry and jumps to a comparison of the relative seriousness of armed violence (possession of a controlled substance), aggravated battery with a firearm, and aggravated criminal sexual assault. Absent a showing that the purposes of these statutes are related, however, Thomas' comparison cannot establish a violation of the proportionate penalties clause.

It is well established by this court's precedent that it is inappropriate to compare offenses and their penalties unless they have common statutory purposes. When offenses have different purposes, we presume that the legislature considered different factors in establishing the penalties for them, and we defer to its judgment. See, 
e.g.
, 
Koppa
, 184 Ill. 2d at ___ (finding no violation of the proportionate penalties clause based on a comparison of armed violence (aggravated criminal sexual abuse) and armed violence (aggravated kidnaping) to aggravated criminal sexual abuse and aggravated kidnaping); 
People v. Bailey
, 167 Ill. 2d 210, 235-37 (1995) (finding no violation of the proportionate penalties clause based on a comparison of stalking to assault and disorderly conduct); 
People v. Lee
, 167 Ill. 2d 140, 145-47 (1995) (finding no violation of the proportionate penalties clause based on a comparison of aggravated battery with a firearm to involuntary manslaughter, second degree murder, and battery); 
People v. Hickman
, 163 Ill. 2d 250, 259-60 (1994) (finding no violation of the proportionate penalties clause based on a comparison of criminal drug conspiracy to calculated criminal drug conspiracy); 
People v. Steppan
, 105 Ill. 2d 310, 320-22 (1985) (finding no violation of the proportionate penalties clause based on a comparison of theft to burglary); 
People v. Bales
, 108 Ill. 2d 182, 195-96 (1985) (finding no violation of the proportionate penalties clause based on a comparison of residential burglary to aggravated kidnaping and indecent liberties with a child).

In 
Koppa
, for example, we held that a comparison of the penalties for armed violence (aggravated criminal sexual abuse) and armed violence (aggravated kidnaping) with the penalties for aggravated criminal sexual abuse and aggravated kidnaping failed to demonstrate a violation of the proportionate penalties clause. The defendant argued that it violated the proportionate penalties clause to have different penalties for these offenses because their purposes are the same. According to the defendant, all of these statutes were intended to deter the use of a weapon during a felony. 
Koppa
, 184 Ill. 2d at ___. We observed, however, that, while the armed violence statute targets carrying a weapon during the commission of a felony, the offenses of aggravated criminal sexual abuse and aggravated kidnaping do not necessarily involve a weapon. Therefore, we concluded, the statutes have different purposes, and the legislature is presumed to have considered different factors in enacting the penalty for each offense. Accordingly, we refused to find that the penalty for armed violence predicated on these felonies violates the proportionate penalties clause. 
Koppa
, 184 Ill. 2d at ___.

Based on this case law, Thomas cannot establish a violation of the proportionate penalties clause without first showing that the purposes of the statutes involved in his cross-comparison analysis are related. Thomas is unable to make this showing. 

The language of a statute is the best indication of the legislature's intent. 
Koppa
, 184 Ill. 2d at ___. The language that the legislature used in defining armed violence, aggravated battery with a firearm, and aggravated criminal sexual assault demonstrates that the purpose of each of these statutes is different. The elements of the armed violence offense with which Lombardi and Thomas were charged are (1) knowing possession of a controlled substance (2) while armed with a Category I weapon. 720 ILCS 5/33A–1, 33A–2, 402(c) (West 1996). The elements of aggravated battery with a firearm are (1) knowingly or intentionally committing a battery by means of the discharge of a firearm and (2) causing any injury to another person. 720 ILCS 5/12–4.2(a)(1) (West 1996). A person commits aggravated criminal sexual assault when (1) he commits a criminal sexual assault and (2) one of the aggravating circumstances listed in the statute exists. 720 ILCS 5/12–14 (West 1996).

Generally, the problem targeted by the armed violence statute is the risk of harm associated with the presence of a weapon during the commission of a felony. When the felony underlying a charge of armed violence is possession of a controlled substance, the particular evil addessed by the legislature is the danger connected with the presence of a weapon during this type of felony. By contrast, the purpose of the aggravated battery with a firearm statute is to discourage individuals from inflicting injury by knowingly discharging a firearm. 
Lee
, 167 Ill. 2d at 146. Unlike the armed violence statute, the aggravated battery with a firearm statute is not intended to deter the use of weapons other than firearms and is not specifically aimed at conduct committed during another felony.

The purpose of the aggravated criminal sexual assault statute also differs from that of the armed violence statute in that the former is intended to deter certain types of forcible sexual penetration. See 
People v. Printy
, 232 Ill. App. 3d 735, 743 (1992). Unlike the offense of aggravated criminal sexual assault, a charge of armed violence (possession of a controlled substance) may arise in situations involving no forcible sexual penetration. Likewise, the offense of aggravated criminal sexual assault may occur in circumstances involving no dangerous weapon. Given that the purposes of these statutes are distinct, a comparative proportionality analysis is not appropriate. See 
Davis
, 177 Ill. 2d at 506.

Contrary to Thomas' assertion, this court's decisions in 
People v. Lewis
, 175 Ill. 2d 412 (1996), and 
People v. Wisslead
, 94 Ill. 2d 190 (1983), do not support a finding that the penalty for armed violence (possession of a controlled substance) while armed with a Category I weapon violates the proportionate penalties clause when compared to the penalties for aggravated battery with a firearm and aggravated criminal sexual assault. 
Lewis
 involved a finding of disproportionality based on a comparison of identical offenses. 
Lewis
, 175 Ill. 2d at 418 (comparing armed violence (robbery) involving a Category I weapon with armed robbery). In 
Wisslead
, we found a violation of the proportionate penalties clause based on a comparison of similar offenses. 
Wisslead
, 94 Ill. 2d at 194-97 (comparing armed violence (unlawful restraint) with aggravated kidnaping and forcible detention). By contrast, as we have explained, the offenses involved in Thomas' cross-

comparison analysis are distinct. 
Lewis
 and 
Wisslead
, therefore, do not provide a basis for finding a violation of the proportionate penalties clause in his case.

Despite these factual differences, Thomas argues that language in 
Lewis
 indicates that his cross-comparison analysis is valid. Thomas relies on our statement in 
Lewis
 that “the general practice of comparing different offenses and their respective penalties is an accepted part of this court's proportionality review.” 
Lewis
, 175 Ill. 2d at 420. Contrary to Thomas' suggestion, 
Lewis
 does not stand for the proposition that a proportionate penalties clause violation may be established by comparing any combination of offenses in the criminal code, notwithstanding differences in their statutory purposes. Rather, throughout the 
Lewis
 opinion, we described this court's proportionality review as involving the comparison of 
similar
 offenses. See 
Lewis
, 175 Ill. 2d at 420-21 (“The comparison of 
similar
 statutes and their penalties helps impose a measure of objectivity upon the process of proportionality review ***. *** [T]he large number of decisions of this court which have employed a proportionality review involving the comparison of 
similar
 statutes is an indication of the utility and acceptance of this type of analysis” (emphasis added)). Accordingly, 
Lewis
 is consistent with cases in which we have held that comparative proportionality review is not appropriate unless the compared statutes have similar purposes. See, 
e.g
., 
Davis
, 177 Ill. 2d at 506; 
Bailey
, 167 Ill. 2d at 236-37.

Because the armed violence statute serves a different purpose than the aggravated battery with a firearm and aggravated criminal sexual assault statutes, we presume that the legislature considered different factors in establishing the penalties for these offenses and defer to its judgment in doing so. See 
Steppan
, 105 Ill. 2d at 32. Our conclusion that the penalty for armed violence should not be invalidated based on a comparison of offenses with different purposes is not only compelled by this court's precedent (see, 
e.g
., 
Koppa
, 184 Ill. 2d at ___; 
Bailey
, 167 Ill. 2d at 235-37; 
Lee
, 167 Ill. 2d at 145-47; 
Hickman
, 163 Ill. 2d at 259-60; 
Steppan
, 105 Ill. 2d at 320-22; 
Bales
, 108 Ill. 2d at 195-96), it gives the necessary deference to the legislature's constitutional role in determining the appropriate penalties for criminal conduct. By declining to compare the penalties of offenses with distinct purposes, we avoid making unnecessary subjective judgments as to the seriousness of offenses or the severity of penalties, thereby minimizing the risk of violating separation of powers principles. See 
Lewis
, 175 Ill. 2d at 421-22. For these reasons, we refuse to find a violation of the proportionate penalties clause based on a comparison of armed violence (possession of a controlled substance) to aggravated battery with a firearm and aggravated criminal sexual assault. 

Thomas' argument that the penalty for armed violence (possession of a controlled substance) is unconstitutional is not, however, based exclusively on a comparison of this offense to aggravated battery with a firearm and aggravated criminal sexual assault. He also contends that it violates the proportionate penalties clause for the offense of armed violence (possession of a controlled substance) to carry the same penalty as an armed violence offense predicated on a more serious controlled substance offense, such as possession of a controlled substance with intent to deliver or controlled substance trafficking. See 720 ILCS 570/401(e), 401.1(b), 402(c) (West 1996).

Again, Thomas argues that this court's decision in 
People v. Wisslead
, 94 Ill. 2d 190, 196 (1983), requires a finding of disproportionality. In 
Wisslead
, we determined that unlawful restraint, a Class 4 felony, is a less serious crime than kidnaping, a Class 2 felony. We, therefore, found that it violates the proportionate penalties clause for armed violence (unlawful restraint) to be punished more severely than aggravated kidnaping: “Since each offense is enhanced by the identical additional element, a gun, the lesser offense of unlawful restraint should not thereby become a graver offense than kidnaping.” 
Wisslead
, 94 Ill. 2d at 195. Similarly, we found that the penalty for armed violence (unlawful restraint) is disproportionate when compared to the penalty for forcible detention. We explained that the offense of forcible detention consists of the same elements as armed violence (unlawful restraint), except that it includes the additional element of holding a hostage. Based on the additional element required for a forcible detention conviction, we concluded that it violates the proportionate penalties clause for armed violence to be classified a Class X felony when forcible detention is a Class 2 felony. 
Wisslead
, 94 Ill. 2d at 196-97. 

Thomas' reliance on 
Wisslead
 is misplaced. Rather than support his argument that the proportionate penalties clause is violated when equal penalties are prescribed for armed violence offenses premised on felonies of differing seriousness, 
Wisslead
 contains language directly contrary to this proposition. In 
Wisslead
, this court stated that the proportionate penalties clause is 
not
 violated if the penalty for a more serious offense is equal to or greater than that established for a less serious offense. 
Wisslead
, 94 Ill. 2d at 196 (“The policy underlying [the proportionate penalties and due process] provisions would be violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense”).

In addition to this language, there are important differences between the cross-comparison analysis performed in 
Wisslead
 and the analysis Thomas advances which undermine his reliance on this case. In 
Wisslead
, we compared armed violence (unlawful restraint) with aggravated kidnaping and forcible detention and determined that it violates the proportionate penalties clause for the armed violence offense to be punished more severely than these other, more serious, offenses. 
Wisslead
, 94 Ill. 2d at 194-97. By contrast, Thomas bases his cross-comparison analysis on a comparison of one armed violence offense to another armed violence offense, and notes that the penalties for these offenses are equal. The issues presented in Thomas' cross-comparison analysis were not addressed in 
Wisslead
. Accordingly, we find the holding in that case inapplicable to Thomas' proportionality analysis. 

Moreover, in 
People v. Barry
, 152 Ill. App. 3d 915 (1987), the appellate court rejected the argument that Thomas makes in this case. In 
Barry
, the defendant argued that the penalty for armed violence (attempted burglary) was disproportionate because the more serious offense of armed violence (burglary) was treated with equal severity. The 
Barry
 court observed, however, that the legislature had “seen fit to treat with equal seriousness the commission of any felony while armed with a dangerous weapon.” 
Barry
, 152 Ill. App. 3d at 917. In upholding the legislature's judgment, the 
Barry
 court explained that felonies underlying a charge of armed violence carry their own penalties, and the armed violence statute was designed to address “only the connection of the weapon to the underlying offense.” 
Barry
, 152 Ill. App. 3d at 917.

We agree with the court in 
Barry
 that, in selecting the penalty for armed violence, the legislature was within its discretion to focus on the use of the weapon rather than the character of the underlying felony. Accordingly, the penalty for armed violence does not violate the proportionate penalties clause despite the fact that it does not vary according to the seriousness of the underlying felony. We hold that the penalty for armed violence (possession of a controlled substance) while armed with a Category I weapon does not violate the proportionate penalties clause.

Causes Nos. 83950 and 83951

We now turn to Evans and Washington's proportionality challenge to the penalty for armed violence (residential burglary) while armed with a Category I weapon. Evans and Washington contend that the penalty for this offense is disproportionate when compared to the penalty for home invasion. Pursuant to the 
Davis
 inquiry, we must first determine whether the purposes of these statutes are related. As defined by the legislature, the elements of armed violence (residential burglary) with a Category I weapon are (1) knowingly entering the dwelling place of another, (2) with the intent to commit therein a felony or theft, (3) while armed with a Category I weapon. 720 ILCS 5/19–3(a), 33A–2 (West 1996). The elements of home invasion are (1) knowingly entering the dwelling place of another with knowledge that the dwelling is occupied, and (2) (a) using or threatening force while armed with a dangerous weapon or (b) causing any injury to an occupant of the dwelling. 720 ILCS 5/12–11 (West 1996). Armed violence (residential burglary) while armed with a Category I weapon is a Class X felony for which the sentence is 15 to 30 years. 720 ILCS 5/19–3(b), 33A–1, 33A–2, 33A–3 (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996). Home invasion is a Class X felony, punishable by 6 to 30 years' imprisonment. 720 ILCS 5/12–11(c) (West 1996).

The description of the elements of these offenses indicates that, although not identical, the purposes of the statutes are related. The purpose of the home invasion statute is to protect the safety of persons in their homes. 
People v. Hicks
, 181 Ill. 2d 541, 549 (1998). Similarly, when predicated on residential burglary, the armed violence statute targets the risk that an unauthorized entry into a residence by an armed intruder may result in violence. See 
Koppa
, 184 Ill. 2d at ___; 
Bales
, 108 Ill. 2d at 196. Based on this relationship between the purposes of the statutes, we find that a cross-comparison analysis is fitting and that it is appropriate to advance to the second step of the 
Davis
 cross-comparison inquiry, which requires us to determine whether armed violence (residential burglary) while armed with a Category I weapon is more serious than home invasion. See 
Davis
, 177 Ill. 2d at 506. We find that home invasion is a more serious offense. 

When a defendant commits armed violence (residential burglary) the invaded dwelling need not be occupied. That a dwelling be occupied, on the other hand, is an element of the offense of home invasion. In addition, to be guilty of armed violence (residential burglary) a defendant need not actually use or threaten violence or injure an occupant, whereas the use or threat of violence or injury to an occupant is inherent to the offense of home invasion. Because the offense of home invasion necessarily involves actual or threatened violence, we conclude that it is a more serious offense than armed violence predicated on residential burglary and the use of a Category I weapon. Thus, the more severe penalty assigned to this armed violence offense violates the limitation-of-penalties provision contained in article I, section 11, of the Illinois Constitution of 1970.

CONCLUSION

We hold that the penalty for armed violence predicated on possession of a controlled substance while armed with a Category I weapon does not violate the due process or proportionate penalties provisions of the Illinois Constitution of 1970. We, therefore, reverse the dismissal of the armed violence charges in causes Nos. 83810 and 83952 and remand those causes for further proceedings on these charges. While we also find no due process violation with respect to the penalty for armed violence based on residential burglary while armed with a Category I weapon, we conclude that this penalty is unconstitutionally disproportionate. Accordingly, we affirm the circuit court's dismissal of the armed violence charges in causes Nos. 83950 and 83951.

Nos. 83810 & 83952–Reversed and remanded.

Nos. 83950 & 83951–Affirmed.

FOOTNOTES
0:
1
We note that the circuit court's statement that aggravated battery of a police officer with a firearm is punished less severely than armed violence (possession of a controlled substance) involving a Category I weapon is incorrect. Like aggravated criminal sexual assault, aggravated battery with a firearm is generally a Class X felony for which the penalty is 6 to 30 years. If the victim of the battery is a police officer, however, the penalty is increased to 15 to 60 years. See 720 ILCS 5/12–4.2 (a)(2), (b), 12–14 (a)(1), (d) (West 1996); 730 ILCS 5/5–8–1(a)(3) (West 1996). 

0:
2
The office of the State Appellate Defender filed a brief in these consolidated appeals on behalf of defendants Evans, Washington, and Thomas. There has been no brief filed on behalf of defendant Lombardi. We note, however, that the issues presented by the State's appeal in Lombardi's case are identical to the issues presented by Thomas' case, which are fully addressed in the brief filed by the office of the State Appellate Defender. The briefs and the record are sufficient for us to review the circuit court's decision to dismiss Lombardi's armed violence charge. Notwithstanding Lombardi's failure to file a brief, therefore, we will consider the merits of the appeal in cause No. 83810. See 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133 (1976).

0:
3
Although the circuit court's cross-comparison analysis was based on a comparison of aggravated battery of a police officer with a firearm (see 720 ILCS 5/12–4.2(a)(2) (West 1996)) to armed violence (possession of a controlled substance), Thomas appears to base his comparison on a violation of subsection (a)(1) of the aggravated battery with a firearm statute, for which the sentence is 6 to 30 years.