THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD P. MILASH, Defendant-Appellant.

Second District   No. 2—00—1074

Opinion filed April 25, 2002.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CALLUM delivered the opinion of the court:

Following a jury trial, defendant, Leonard P. Milash, was convicted of first-degree murder (720 ILCS 5/9—1(a)(1) (West 1998)) and aggravated battery of a child (720 ILCS 5/12—4.3(a) (West 1998)). The trial court sentenced him to consecutive prison terms of 60 years for the murder and 20 years for the battery. Defendant appeals, arguing that (1) his sentences are excessive; and (2) the penalty for aggravated battery of a child, when compared to that for aggravated battery of an unborn child (720 ILCS 5/12—4.4(a) (West 1998)), violates the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). In the unpublished portion of this opinion, we reject defendant's first argument. In the published portion, we reject his second argument, and we affirm the trial court's judgment.

■ The aggravated battery of a child is a Class X felony, punishable by 6 to 30 years' imprisonment. 720 ILCS 5/12—4.3(a) (West 1998); 730 ILCS 5/5—8—1(a)(3) (West 1998). The aggravated battery of an unborn child is a Class 2 felony, punishable by three to seven years' imprisonment. 720 ILCS 5/12—4.4(b) (West 1998); 730 ILCS 5/5—8—1(a)(5) (West 1998). Defendant argues that the greater penalty for aggravated battery of a child violates the proportionate-penalties clause. Although he did not present this issue to the trial court, a constitutional challenge to a statute may be raised for the first time on appeal. *People v. Vilces*, 321 Ill. App. 3d 937, 943 (2001).

■ In fashioning a claim under the proportionate-penalties clause, three approaches are available. First, a penalty is invalid if it is cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community. Second, a penalty is invalid if similar offenses are compared and a less serious threat to the public health and safety is punished more severely. Third, a penalty is invalid if identical offenses have different sentences. *People v. Lombardi*, 184 Ill. 2d 462, 474 (1998).

■ Here, defendant invokes only the second approach, which requires us to perform a two-step inquiry. First, we ask whether the purposes of the compared offenses are distinct, rendering a cross-comparison inappropriate. If the purposes are related, we ask whether the offense with the greater penalty is more serious than the offense with the lesser penalty. *Lombardi*, 184 Ill. 2d at 475-76. If so, the greater penalty is constitutionally proportionate.

Defendant asks us to compare offenses that are clearly related. Although one targets the born and the other targets the unborn, both offenses share the "dominant purpose of protecting children." *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 245 Ill. App. 3d 87, 94-95 (1993). Furthermore, both offenses aim to protect children from the same danger: the intentional or knowing infliction of great bodily harm or permanent disability or disfigurement. See 720 ILCS 5/12—4.3(a), 12—4.4(a) (West 1998). Thus, the offenses are sufficiently related to enable us to perform a cross-comparison. *Cf. Lombardi*, 184 Ill. 2d at 484 (home invasion and armed violence predicated on residential burglary are sufficiently related because the purpose of each is to protect persons in their homes).

We now address whether aggravated battery of a child, the offense with the greater penalty, is more serious than aggravated battery of an unborn child. In doing so, however, we defer greatly to the legislature, as that body "is more aware of the evils confronting our society and therefore is more capable of measuring the seriousness of various offenses." *People v. Koppa*, 184 Ill. 2d 159, 171 (1998). As long as the legislature "reasonably could have decided" that one offense is more serious than another, we will not interfere. See *Koppa*, 184 Ill. 2d at 172.

Defendant argues that, while an aggravated battery of a child harms only the child, "the harm that ensues from the offense of aggravated battery of an unborn child will invariably be greater than the harm to the unborn child alone." Specifically, according to defendant, "[i]t is highly unlikely that a person could commit aggravated battery of an unborn child without committing an aggravated battery of the mother of the child."

We do not necessarily disagree with defendant's argument, but it fails because "it assumes that the degree of harm is the only factor to be considered in determining the seriousness of an offense." *People v. Lee*, 167 Ill. 2d 140, 146 (1995). On the contrary, although the degree of harm is relevant, the legislature may consider other factors, such as the frequency of the crime. *Lee*, 167 Ill. 2d at 146.

Here, we believe that the crimes' relative frequencies gave the legislature a reasonable basis to conclude that aggravated battery of a child is more serious than aggravated battery of an unborn child. Indeed, although the statute creating the latter offense took effect in 1986 (Pub. Act 84—1414, eff. September 19, 1986 (adding Ill. Rev. Stat. 1987, ch. 38, par. 12—4.4 (now 720 ILCS 5/12—4.4))), we have not found a single reported case in which a defendant was convicted of that crime. On the other hand, we have found more than 50 cases dealing with convictions of aggravated battery of a child. See, *e.g.*, *People v. Lind*, 307 Ill. App. 3d 727, 729 (1999). Those facts are not conclusive, but they at least suggest that aggravated battery of a child is more pervasive than aggravated battery of an unborn child. Therefore, the legislature reasonably could have decided that the former offense is more serious, and its greater penalty does not violate the proportionate-penalties clause.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and KAPALA, JJ., concur.