THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTWOYN CARMICHAEL, Defendant-Appellant.

First District (3rd Division) No. 1—02—1106

Opinion filed September 30, 2003.

Michael J. Pelletier and Yasaman Hannah Navai, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Following a bench trial, the defendant, Antwoyn Carmichael, was found guilty of unlawful use of a weapon by a felon and sentenced to five years in prison. On appeal, the defendant contends that we must vacate his sentence and remand for resentencing because: (1) the trial court improperly relied upon his prior armed violence conviction to

enhance the offense of unlawful use of a weapon by a felon from a Class 3 felony to a Class 2 felony; (2) the sentence was imposed in violation of his constitutional rights pursuant to the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (3) the sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). For the reasons that follow, we affirm his conviction as modified, vacate his sentence, and remand for resentencing.

The defendant was charged with, *inter alia*, unlawful use of a weapon by a felon in that he knowingly possessed a handgun after having been previously convicted of the offense of armed violence. Pursuant to section 24—1.1(e) of the Criminal Code of 1961 (Code), the offense of unlawful use of a weapon by a felon, committed by a person not confined to a penal institution, is generally a Class 3 felony carrying a sentence of no less than 2 and no more than 10 years in prison. 720 ILCS 5/24—1.1(e) (West 2000). However, when the offense is committed by a person who is not confined to a penal institution and "who has been convicted of a forcible felony," it is a Class 2 felony carrying a sentence of not less than 3 and not more than 14 years in prison. 720 ILCS 5/24—1.1(e) (West 2000).

At trial, defense counsel stipulated that the defendant had previously been convicted of armed violence. The State presented the testimony of Chicago police officer Bunyon, which established that, on August 10, 2001, the defendant had in his possession a 9-millimeter semi-automatic handgun. The trial court found the defendant guilty of unlawful use of a weapon by a felon. At the sentencing hearing, the State informed the trial court that the defendant had a prior conviction for armed violence. The State did not, either at trial or the sentencing hearing, introduce any evidence regarding the circumstances surrounding that prior conviction. The trial court sentenced the defendant to five years in prison. Although the court never made an explicit finding that the defendant's prior armed violence conviction constituted a forcible felony, on the date of sentencing, it entered an order remanding the defendant to the custody of the Illinois Department of Corrections. That order identifies the defendant's unlawful use of a weapon by a felon conviction as a Class 2 felony.

On appeal, the defendant first argues that his conviction for unlawful use of a weapon by a felon must be reduced from a Class 2 felony to a Class 3 felony because armed violence, the felony of which he was previously convicted and upon the basis of which his current conviction was enhanced, is not a "forcible felony." For this reason, he asserts, we must vacate his five-year sentence and remand for resentencing.

■ The State contends that the defendant has waived review of the contention that his prior armed violence conviction does not constitute a forcible felony by failing to raise it at trial or in a posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). However, sentencing issues are excepted from the doctrine of waiver when they affect a defendant's substantial rights. *People v. Brials*, 315 Ill. App. 3d 162, 170, 732 N.E.2d 1109 (2000). We find that the defendant's contention that the offense of which he was convicted was improperly enhanced from a Class 3 felony to a Class 2 felony implicates substantial rights justifying review of the issue. See *Brials*, 315 Ill. App. 3d 162 (addressing as an issue affecting the defendant's substantial rights his claim that the trial court erred in imposing consecutive sentences where the factual prerequisite for such a sentence, namely, that crimes were committed in single course of conduct, was not present). Further, we note that waiver is a limitation on only the parties, and despite waiver, this court may address an issue in order to carry out its responsibility to reach a just result. *In re C.R.H.*, 163 Ill. 2d 263, 274, 644 N.E.2d 1153 (1994).

■ As stated earlier, the offense of unlawful use of a weapon by a felon is enhanced from a Class 3 felony to a Class 2 felony when the defendant has previously been convicted of a forcible felony. 720 ILCS 5/24—1.1 (West 2000). Section 2—8 of the Code defines the term "forcible felony" as follows:

> " 'Forcible felony' means treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement *and any other felony which involves the use or threat of physical force or violence against any individual.*" (Emphasis added.) 720 ILCS 5/2—8 (West 2000).

As armed violence is not one of the offenses enumerated as a forcible felony in section 2—8 of the Code, we must determine whether it falls within the residual category of "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2—8 (West 2000). The question is one of law, and, accordingly, we review the trial court's finding on this issue *de novo*. *People v. Greer*, 326 Ill. App. 3d 890, 891, 762 N.E.2d 693 (2002).

■ Section 33A—2 of the Criminal Code provides that a person commits the offense of armed violence when, while committing any except one of certain enumerated felonies, he: (1) is armed with a dangerous weapon; (2) personally discharges a firearm that is a Category I or Category II weapon; or (3) personally discharges a

firearm that is a Category I or Category II weapon that proximately causes great bodily harm, permanent disability or disfigurement, or death to another. 720 ILCS 5/33A—2 (West 2000). The parties here agree that the defendant was convicted of armed violence based upon his commission of the predicate felony of possession of a controlled substance (see 720 ILCS 570/402(c) (West 2000)).

The defendant asserts that armed violence predicated on the possession of a controlled substance is not a felony which involves the use or threat of physical force or violence against any individual. The State acknowledges that the record before us is silent as "to whether defendant's prior conviction involved any violence or threat of violence." It asserts, however, that it is possible that violence might be required to carry out the offense of armed violence predicated upon possession of a controlled substance and that, as such, the offense qualifies as a forcible felony within the meaning of section 2—8 of the Code.

In *People v. Belk*, 203 Ill. 2d 187, 784 N.E.2d 825 (2003), the defendant was convicted of felony murder, an offense that is committed only when a death occurs during the commission of a forcible felony. Our supreme court considered the question of whether the offense of aggravated possession of a stolen motor vehicle could be considered a forcible felony. Noting that the offense was not one of those specifically enumerated in section 2—8 of the Code, the court considered whether the defendant's aggravated possession of a stolen motor vehicle was a felony that involved the use or threat of physical force or violence against any individual. Relying on its own earlier decision in *People v. Golson*, 32 Ill. 2d 398, 207 N.E.2d 68 (1965), the court held that the test for determining whether a felony constitutes a forcible felony capable of triggering the felony murder rule " 'is not whether the felony is normally classified as non-violent, but is whether, under the facts of a particular case, *it is contemplated that violence might be necessary* to enable the conspirators to carry out their common purpose.' (Emphasis added.) *Golson*, 32 Ill. 2d at 407-08." *Belk*, 203 Ill. 2d at 193-94. Examining the facts surrounding the defendant's aggravated possession of a stolen motor vehicle, the *Belk* court concluded that there was no evidence that the defendant had contemplated that the use of force or violence against an individual might be necessary in order for him to commit the offense and that, as such, it did not constitute a forcible felony. *Belk*, 203 Ill. 2d at 195.

In *People v. Greer*, 326 Ill. App. 3d 890, 762 N.E.2d 693 (2002), the court was faced with the question of whether the offense of armed violence predicated on the offense of possession of a controlled substance with intent to deliver constituted a forcible felony within

the meaning of section 2—8 of the Code such that the defendant could be convicted of felony murder in connection with a death arising out of the commission of the offense. The *Greer* court held that "the offense of armed violence is not inherently a crime involving 'the use or threat of physical force or violence' within the meaning of the residuary clause" of section 2—8 of the Code. *Greer*, 326 Ill. App. 3d at 895. However, the court went on to consider the particular circumstances surrounding the defendant's offense of armed violence predicated upon possession of a controlled substance with intent to deliver. It determined that, under those circumstances, there could be little doubt that the defendant contemplated that the threat of violence would be used to carry out the offense of armed violence and that, as such, the offense constituted a forcible felony within the meaning of section 2—8. In doing so, though, the *Greer* court specifically limited its finding in this regard to the facts of the case before it. *Greer*, 326 Ill. App. 3d at 894-95.

■ Under the test announced in *Golson* and applied by the courts in *Belk* and *Greer*, the question we must answer in order to determine whether the defendant's armed violence conviction constitutes a forcible felony is whether the circumstances surrounding the commission of that particular offense support the conclusion that the defendant contemplated that the use or threat of force or violence might be necessary to carry out the offense. As we have stated, however, the record is silent as to the circumstances surrounding the defendant's armed violence conviction. We agree with the *Greer* court that the offense of armed violence, which can be committed by merely possessing a firearm during the commission of a felony, is not an inherently violent offense. Nor can we say that possession of a controlled substance is an inherently violent offense. See *Greer*, 326 Ill. App. 3d at 895 (concluding that possession of a controlled substance with the intent to deliver is not inherently a forcible felony). As such, we must conclude that the trial court erred in its implicit finding that the defendant's armed violence conviction constituted a forcible felony within the meaning of section 2—8 of the Code. Accordingly, we agree with the defendant that the trial court erred in enhancing his unlawful use of a weapon by a felon conviction to a Class 2 felony.

We must now address the State's assertion that, even if the trial court erred in finding that the defendant's armed violence conviction served to enhance the offense of unlawful use of a weapon by a felon from a Class 3 felony to a Class 2 felony, we need not vacate his five-year sentence and remand for resentencing. It notes that the five-year sentence imposed still fell well below the maximum sentence for the Class 3 felony of unlawful use of a weapon, which carries a possible

sentence of no less than 2 and no more than 10 years in prison (720 ILCS 5/24—1.1 (West 2000)). The State cites no authority in support of its contention in this regard, and we find the contention to be without merit. It is well settled that remand for resentencing is necessary when a reviewing court is unable to determine the effect of the trial court's consideration of an improper sentencing factor. *People v. Smith*, 295 Ill. App. 3d 405, 411, 692 N.E.2d 837 (1998). Similarly, we believe that, under circumstances such as those involved here, where we are unable to determine whether the trial court's mistaken belief that the Class 2 sentencing range of 3 to 14 years, rather than the Class 3 sentencing range of 2 to 10 years, applied affected the sentence it imposed, the appropriate course of action will generally be to vacate the defendant's sentence and remand for resentencing. "Just as a trial judge has discretion in sentencing, he should be permitted to determine the effect, if any, of any errors in his sentencing." *People v. Nunez*, 263 Ill. App. 3d 740, 758, 635 N.E.2d 718 (1994). Before we can conclude that a remand for resentencing is appropriate here, however, we must address the defendant's contention that the sentencing scheme set forth in section 24—1.1 of the Code for the offense of unlawful use of a weapon by a felon violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

■ ■ In his original brief to this court, the defendant argues that the sentencing range provided in section 24—1.1 for the offense of unlawful use of a weapon by a felon as enhanced to a Class 2 felony violates the proportionate penalties clause of the Illinois Constitution in that it provides a harsher penalty than that imposed for aggravated unlawful use of a weapon which, the defendant contends, is an identical offense. In a supplemental brief, the defendant raises the additional argument that the sentencing ranges set forth in section 24—1.1 for unlawful use of a weapon as both a Class 2 and a Class 3 felony violate the proportionate penalties clause in that they provide a harsher penalty than that imposed for the offense of reckless discharge of a firearm, a Class 4 felony. Because we have already concluded that the trial court here improperly determined that the defendant's offense of unlawful use of a weapon by a felon was enhanced to a Class 2 felony, we need not address the arguments he raises with respect to the Class 2 felony sentencing range. See *People v. Hill*, 199 Ill. 2d 440, 445, 771 N.E.2d 374 (2002) (concluding that the defendant lacked standing to challenge portion of sentencing statute not applicable to him). We are left with the defendant's contention that the penalties for the Class 3 felony offense of unlawful use of a weapon by a felon and the Class 4 felony offense of reckless discharge of a weapon are unconstitutionally disproportionate. Although the defendant did not raise this issue in

the trial court, he has the right to challenge the constitutionality of a statute for the first time on appeal. *People v. Christy*, 139 Ill. 2d 172, 176, 564 N.E.2d 770 (1990).

■ A statute is presumed to be constitutional, and the party challenging a statute bears the burden of establishing its invalidity. *In re K.C.*, 186 Ill. 2d 542, 550, 714 N.E.2d 491 (1999). Courts have an obligation to construe a statute in such a manner as to uphold its constitutionality if it is reasonable to do so. *People v. Baker*, 341 Ill. App. 3d 1083, 1087, 794 N.E.2d 353 (2003).

■ Article I, section 11, of the Illinois Constitution, commonly referred to as the proportionate penalties clause, provides in relevant part that: "All penalties shall be determined *** according to the seriousness of the offense ***." Ill. Const. 1970, art. I, § 11. Our supreme court has held that the proportionate penalties clause can be violated in one of three instances, namely, where: (1) the penalty for an offense is cruel, degrading, or so completely disproportionate to the offense for which it is imposed as to shock the moral sense of the community; (2) the penalty imposed for a given offense is harsher than the penalty for a similar but more serious offense; and (3) the penalties imposed for identical offenses differ. *People v. Davis*, 177 Ill. 2d 495, 503-04, 687 N.E.2d 24 (1997).

■ In this case, the defendant asserts a violation of the second type, namely, that the penalty for the Class 3 felony offense of unlawful use of a weapon by a felon is more severe than that imposed for reckless discharge of a firearm, which the defendant maintains is a similar but more serious offense. As our supreme court has explained, when a defendant raises such a challenge, the court must apply a two-step cross-comparison analysis. *People v. Lombardi*, 184 Ill. 2d 462, 476, 705 N.E.2d 91 (1998). First, the court must consider whether the offenses being compared share a common statutory purpose. If the offenses do not have common or related purposes, a comparative proportionality review is inappropriate. This is so because, when statutes defining criminal offenses are enacted for different purposes, we will presume that the legislature considered different factors in determining the appropriate penalties for the offenses and will defer to its judgment in this regard. *Lombardi*, 184 Ill. 2d at 475-76. If, however, the purposes of the two offenses are related, the court must then determine whether the offense with the harsher penalty is more serious than the offense with the lesser penalty. *Lombardi*, 184 Ill. 2d at 475-76.

Accordingly, we must begin our analysis by determining whether the legislature had a common or related purpose in enacting the statutes making unlawful use of a weapon by a felon and reckless

discharge of a firearm criminal offenses. The defendant argues that section 24—1.1 of the Code, which defines the offense of unlawful use of a weapon by a felon, and section 24—1.5 of the Code, which defines the offense of reckless discharge of a firearm, share a common purpose, namely, "preventing the misuse of firearms that endanger public safety." We disagree.

 Section 24—1.1 of the Code makes it "unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24—1.1 (West 2000). The legislature did not explicitly state its purpose in enacting section 24—1.1 in the statute itself. However, the plain language of the statute is the best indicator of legislative intent. *People v. Koppa*, 184 Ill. 2d 159, 169, 703 N.E.2d 91 (1998). The plain language of section 24—1.1 reveals that the legislature's intent in enacting the provision was to protect the public safety by preventing the possession of dangerous weapons, including but not limited to firearms, by felons. See *People v. Jackson*, 269 Ill. App. 3d 851, 857, 646 N.E.2d 1299 (1995) (in rejecting the contention that section 24—1.1 violates the equal protection clause of the Illinois and federal constitutions, court held that statute serves legitimate public safety purpose in keeping firearms from convicted felons).

Section 24—1.5 of the Code provides that a person commits the offense of reckless discharge of a firearm when he discharges a firearm in a reckless manner which endangers the bodily safety of an individual. 720 ILCS 5/24—1.5 (West 2000). It further provides that, if such conduct is committed by a passenger in a moving vehicle with the knowledge and consent of the vehicle's driver, the driver is accountable for the conduct. 720 ILCS 5/24—1.5 (West 2000). The legislative debate surrounding the passage of section 24—1.5 reveals that the purpose of that statute was to "fill[ ] a void" in Illinois law which previously allowed a person who discharged a firearm recklessly to avoid felony charges. 88th Ill. Gen. Assem., House Proceedings, April 22, 1993, at 210 (statements of Representative Homer).

Thus, the legislature had distinctly different purposes in enacting sections 24—1.1 and 24—1.5 of the Code. While section 24—1.1 (unlawful use of a weapon by a felon) was enacted to protect the public safety by preventing the possession of dangerous weapons, including firearms, by felons, section 24—1.5 (reckless discharge of a firearm) was enacted to prevent the reckless discharge of a firearm. Because the statutes defining unlawful use of a weapon by a felon and reckless

discharge of a firearm have distinct purposes, we will presume that the legislature considered different factors in establishing the penalties for the respective offenses and defer to its judgment in doing so. *Lombardi*, 184 Ill. 2d at 480; *Koppa*, 184 Ill. 2d at 172-73. As such, a comparative proportionality analysis is not appropriate. *Lombardi*, 184 Ill. 2d at 479.

Having rejected the defendant's contention that the sentencing range imposed for the Class 3 felony offense of unlawful use of a weapon by a felon violates the proportionate penalties clause of the Illinois constitution, we find no bar to remanding the case for resentencing. Accordingly, we vacate the defendant's five-year sentence and remand the cause to the trial court for resentencing within the Class 3 sentencing range for the offense. Our disposition in this regard renders it unnecessary for us to address the defendant's contention that his five-year sentence was imposed in violation of his constitutional rights pursuant to the rule announced in *Apprendi* because the State neither charged in the indictment nor proved beyond a reasonable doubt at trial that his prior armed violence conviction constituted a forcible felony.

For the foregoing reasons, we: affirm the defendant's conviction of unlawful use of a weapon by a felon, modifying the conviction to reflect that it is a Class 3, rather than a Class 2, felony; vacate the defendant's five-year sentence; and remand for resentencing.

Affirmed in part as modified; vacated in part; and cause remanded.

SOUTH and KARNEZIS, JJ., concur.