THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE ROBINSON, Defendant-Appellant.

First District (1st Division)   No. 1—92—1177

Opinion filed September 30, 1993.

Rita A. Fry, Public Defender, of Chicago (Jeffrey M. Howard, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Eileen O'Neill, and Linda Jakubs, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Defendant Tyrone Robinson was charged by indictment No. 91 CR. 19570 with armed violence and possession of a controlled substance with intent to distribute. After a bench trial, defendant was convicted of both armed violence (720 ILCS 5/33A—1 (West 1992)) and possession of a controlled substance (720 ILCS 570/402 (West 1992)) and sentenced to six years in prison. The court determined that defendant was ineligible for Treatment Alternative to Street Crime (TASC) because his conviction involved one of violence.

On appeal defendant argues that the trial court erred in determining that he was ineligible for the TASC program. Specifically, he maintains that armed violence is not defined as an act of violence.

Defendant preliminarily filed a motion to quash arrest and suppress evidence, which was heard simultaneously with the trial. At trial Officer Dombkowski testified that at about 8 p.m. on June 27, 1991, he and his partner responded to an anonymous telephone call and drove to Warren Boulevard in Chicago. The caller advised Officer Dombkowski that a black man was distributing narcotics from a black Chevrolet Caprice and carrying a gun.

Officer Dombkowski drove to that location and used binoculars to observe the parking lot of the Viceroy Hotel. Officer Dombkowski stated that about 30 seconds after he arrived he saw a black man leave one of the hotel rooms with a woman and enter the parking lot. From his position at that time, Officer Dombkowski was not able to see defendant's hand. Dombkowski then drove about 1½ blocks to the parking lot. Dombkowski testified that he was about 10 feet away when he approached defendant's vehicle and observed defendant walk to the trunk of the vehicle. Dombkowski testified that defendant held a gun in his right hand, opened the trunk of his vehicle and placed it inside the trunk.

Officer Jansen testified for the State that he and his partner followed Officer Dombkowski to the parking lot in a separate vehicle. Jansen stated that he kept sight of defendant throughout the 10- to 15-second drive to the parking lot. Officer Jansen stated that defendant took the gun from the left side of his waistband and placed the gun into the trunk of his vehicle. Jansen at that time arrested defendant for unlawfully carrying a weapon. He testified that after conducting a protective search of defendant he recovered numerous small, plastic bags containing what resembled rock cocaine from defendant's pocket. The parties stipulated that the police recovered 26 separate bags containing a total weight of 3.32 grams of cocaine, of which .38 grams were tested. After hearing the evidence, the court found defendant guilty of armed violence and possession of a controlled substance. The trial court ruled that defendant was ineligible for TASC consideration because the offense for which he was convicted was a crime of violence. This appeal followed.

Defendant argues that the trial court erred in refusing defendant's request to participate in the TASC program. Specifically, he contends that crime of violence, as defined under the Illinois Alcoholism and Other Drug Dependency Act (20 ILCS 305/1—103 (West 1992)), does not include armed violence. Defendant therefore asserts that although he was convicted of armed violence, he should have been considered for participation in the TASC program where the offense was

not enumerated as an offense rendering him ineligible for participation.

The State maintains that the trial court did not err in finding defendant ineligible for participation in the TASC program. The State contends that the legislative intent of the armed violence statute was to punish felons who carry weapons during the commission of the underlying felony more severely than felons who do not. The State asserts that section 10—101(a) of the Act disqualifies from alternative sentencing an addict or alcoholic whose conviction involved a crime of violence. (20 ILCS 305/10—101 (West 1992).) The State asserts that defendant committed the felony of armed violence by carrying a gun while possessing narcotics. Thus, the State argues that the trial court properly found defendant ineligible for participation in TASC.

Under section 10—101(a) of the Illinois Alcoholism and Other Drug Dependency Act, the statute provides:

"[a]n addict or alcoholic who is charged with or convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department *** unless (a) the crime is a crime of violence ***." 20 ILCS 305/10—101 (West 1992).

Section 1—103 of the Act defines a crime of violence as any of the following:

"treason, murder, voluntary manslaughter, criminal sexual assault, aggravated criminal sexual assault, armed robbery, arson, kidnapping, *** aggravated arson, or any other felony which involves the use or threat of physical force or violence against another individual." 20 ILCS 305/1—103 (West 1992).

Further, under the Criminal Code of 1961, a person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law. 720 ILCS 5/33A—2 (West 1992).

In the instant case, there is no dispute that defendant was armed with a weapon while possessing a controlled substance. The facts reveal that Officers Dombkowski and Jansen observed defendant from 10 feet away with a gun in his hand. Defendant placed the gun in the trunk of his vehicle while being observed by both officers. Officer Jansen then conducted a protective search of defendant and recovered numerous small, plastic bags containing what was later discovered to be cocaine. However, defendant contends that because the legislature did not include armed violence or any possession offense in its list of ineligible offenses for TASC, the legislature must have intended that a person be eligible for TASC if that person is convicted of an offense

in which the facts merely involve the possession of a weapon. *People v. Williams* (1985), 138 Ill. App. 3d 592, 486 N.E.2d 333.

Armed violence is not one of the specifically enumerated crimes of violence as delineated under the statute; however, the appellate court in *People v. Freeman* (1988), 167 Ill. App. 3d 740, 521 N.E.2d 1191, set forth a standard to guide the trial court in those instances. The court held that if the offense constitutes a felony, yet is not enumerated, the court "must consider the nature of the crime to determine whether it involved force or violence." *Freeman*, 167 Ill. App. 3d at 745.

In *Freeman*, defendant was found not guilty of aggravated criminal sexual assault and guilty of aggravated criminal sexual abuse, not one of the specifically enumerated offenses of a crime of violence under the statute. The question of first impression before the court was whether the offense of aggravated criminal sexual abuse was a crime of violence for purposes of the Illinois Alcoholism and Other Drug Dependency Act.

The appellate court in *Freeman* ultimately determined that defendant's action did not amount to violence where there was no evidence of forceful or violent conduct by defendant. (*Freeman*, 167 Ill. App. 3d at 747.) The court, in reaching its conclusion, examined the definitions of "force" and "threat of force" as defined by the Criminal Code:

> "(1) when the accused threatens to use force or violence on the victim or on any other person, and the victim under the circumstances reasonably believed that the accused had the ability to execute that threat; or
>
> (2) when the accused has overcome the victim by use of superior strength or size, physical restraint or physical confinement." 720 ILCS 5/12—12 (West 1992).

In the instant case, the court never stated what facts it relied on in determining that the offense committed by defendant constituted an act of violence. The court stated that there is a great deal of violence connected with the narcotics trade and that innocent bystanders are killed daily; however, it did not give specific facts as they related to defendant's actions.

As in *Freeman*, in the instant case there is no evidence that the armed violence offense for which defendant was convicted was a crime of violence. There is no evidence in the record that the offense involved physical force, the threatened use of force, physical restraint or confinement. Had the legislature intended that a defendant be ineligible for the TASC program based on his conviction for armed vio-

lence, it could have specifically enumerated that offense as one involving violence. It specifically included the offense of armed robbery and could easily have listed armed violence. Based on the foregoing, we find that the trial court erred in determining that defendant was ineligible for consideration to participate in the TASC program.

Accordingly, we vacate the sentence and remand for resentencing.

Vacated in part and remanded.

BUCKLEY and O'CONNOR, JJ., concur.