THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN
BELK, Defendant-Appellant.

First District (4th Division)   No. 1—00—0371

Opinion filed November 14, 2001.

Maria A. Harrigan, of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Katherine Blakey Cox, and Mary Anna Plana, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SOUTH delivered the opinion of the court:

Defendant, John Belk, was charged with two counts of felony murder predicated on the offenses of burglary and aggravated possession of a stolen motor vehicle, during the commission of which two people were killed when their car was struck by the vehicle that defendant was operating during a police chase. At the end of the bench trial, defendant was convicted of two counts of felony murder and one count of aggravated possession of a stolen motor vehicle and sentenced to natural life imprisonment. The sole issue on appeal is whether aggravated possession of a stolen motor vehicle may serve as a predicate offense for felony murder. No issue is raised as to the sufficiency of the evidence establishing defendant's guilt.

The relevant facts adduced at trial are as follows: Sergeant Craig T. Kincaid, a police officer with the Blue Island police department, testified that on May 14, 1998, he was on patrol in his marked squad car when he received a radio dispatch of an automobile theft in progress as well as a physical description of that vehicle. He immediately activated his emergency lights and siren and drove to the vicinity of the crime. As he approached the intersection at 127th and Vincennes, he observed a vehicle matching the description given to him. That ve-

hicle accelerated, and a police pursuit ensued. Sgt. Kincaïd testified that the cars attained speeds as high as 100 miles per hour in an area where the posted speed limit was 30 miles per hour. At no time did the van defendant was driving apply its brakes or attempt to slow down. The witness also testified that defendant's actions in driving the van in a business area where there were many pedestrians were "reckless." When the van reached the vicinity of 111th and Western, it collided with the rear of the victim's car, killing the two people inside. The van that defendant was driving flipped upside down, at which time he crawled out and fled on foot. After a brief chase, he was apprehended and taken into custody.

A stipulation was entered into that while defendant was in the emergency room at St. Francis Hospital and Health Centers being treated for the injuries he sustained in the accident, a toxicological test was performed on him for the purpose of treatment and diagnosis. The results showed that his blood-alcohol content was 0.19, and under Illinois law intoxication occurs at 0.08, making defendant legally intoxicated at the time of the collision.

William Cosgrove, a retired fire investigator for the Chicago fire department, testified that when he first observed the stolen van on the date in question, it was traveling at an excessive rate of speed and being pursued by a Blue Island police car. Cosgrove did not see the impact. However, he described the van at the point he observed it as speeding "recklessly" down an alley. Throughout his entire testimony, he described the manner in which the van was being driven as "reckless."

Defendant argues on appeal that aggravated possession of a stolen motor vehicle is not an enumerated forcible felony under the felony murder statute or a forcible felony threatening violence against individuals and that, therefore, given his level of intoxication and the reckless manner in which he operated the stolen van, his conviction should be reduced to reckless homicide.

■ Section 9—1(a)(3) of the Criminal Code of 1961 provides in part: "A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death *** he is attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9—1(a)(3) (West 2000). If the killing is in the course of an escape, it is within the operation of the doctrine. *People v. Bongiorno*, 358 Ill. 171 (1934). In *Bongiorno*, two men committed an armed robbery, which was interrupted by a police officer. One of the men escaped, but defendant was arrested by the officer. As he was being taken down a hallway, the other man, who had returned, shot and killed the officer. Defendant's contention was that

he was not guilty of murder under the felony-murder doctrine because five minutes had elapsed after the robbery had been completed, and the prosecution's evidence did not show any plan or design to kill in the course of the robbery. In affirming the conviction, our supreme court said: "Here the uncontradicted evidence shows that the conspirators designed to commit the crime of robbery through the use of a deadly weapon. That use included the intimidation of the victims and the means of the offenders' escape. Under such circumstances the intention to kill, if necessary, in obtaining and carrying away the loot is established. A plan to commit robbery would be futile if it did not comprehend an escape with the proceeds of the crime. *** Unless the plan of robbery is to terrify the victim, and, if occasion requires, to kill any person attempting to apprehend them at the time of or immediately upon gaining possession of the property, it would be inane and child-like.*** It is vain to argue that the killing was not included as a part, if necessary, in the commission of the crime which both *** had deliberately planned." *Bongiorno*, 358 Ill. at 173-74.

Later, the supreme court expanded this holding to include nonviolent crimes that served as a predicate offense for felony murder. In *People v. Golson*, 32 Ill. 2d 398 (1965), the defendant was convicted of murder arising out of a shooting death that occurred during the course of a theft from an automobile. Prior to the commission of the crime, defendant and his codefendants purchased a gun. On the night of the crime, they set out with the intention of stealing from automobiles. They did not find any automobiles from which to steal, so they drove around looking for something else to steal when they came across a loading dock and stole a mail sack. After driving a short distance, they were approached by two postal inspectors who had driven up beside them and directed them to stop. The inspectors ordered them to get out of the car and during the inspection of that car were shot and killed.

The defendants in *Golson* argued that the felony-murder doctrine applied only in cases where conspirators have conspired to commit a forcible felony, which by its nature is dangerous to human life, and that, consequently, theft from the United States mails by stealth is a nonforcible felony not normally involving danger to human life.

Our supreme court, in affirming the convictions, held that the test to be applied in determining whether the felony-murder doctrine is applicable is not whether the felony is normally classified as nonviolent, but is whether, under the facts of a particular case, it is contemplated that violence might be necessary to enable the conspirators to carry out their common purpose. *Golson*, 32 Ill. 2d at 408-09. The court then determined that since the postal inspectors were shot

a short distance from the scene of the theft while the conspirators were attempting to escape from the scene, there was sufficient evidence from which the jury could infer that they intended to forcibly resist any attempt to arrest them, either during the course of the crime or in an attempt to escape from the scene, and that such a plan came within the doctrine of felony murder since it was contemplated that violence might be necessary to enable them to carry out their common purpose.

■ In Illinois, a forcible felony is defined as "treason, first degree murder, second degree murder, *** aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, *** arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2—8 (West 2000). There is no question that aggravated possession of a stolen motor vehicle is not an enumerated offense under the forcible felony statute. What is at issue is whether, under the facts of this case, the crime of aggravated possession of a stolen vehicle involved the use or threat of physical force or violence against the victims.

■ Aggravated possession of a stolen motor vehicle occurs when a person is "the driver or operator of a vehicle and is not entitled to the possession of that vehicle and [he] knows the vehicle is stolen *** [and he] has been given a signal by a peace officer directing him to bring the vehicle to a stop, to willfully fail or refuse to obey such direction, increase his speed *** or otherwise flee or attempt to elude the officer." 625 ILCS 5/4—103.2(7)(A) (West 1998).

■ In Illinois, the supreme court has interpreted the residual category of nonenumerated felonies that may serve as the predicate felony for purposes of a felony-murder conviction to include nonviolent felonies that might require force to perpetrate. *People v. Guest*, 115 Ill. 2d 72 (1986); *People v. Golson*, 32 Ill. 2d 398 (1965).

■ Under section 9—3(a), a person who "unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are *** likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, *** in which case the person commits reckless homicide." 720 ILCS 5/9—3(a) (West 2000).

In the case at bar, the evidence is undisputed that defendant was attempting to escape in a stolen motor vehicle when he observed Officer Kincaid's squad car. It is undisputed that he was legally

intoxicated. It is also undisputed that during that escape and prior to the collision which killed the victims, he was operating that vehicle at an excessive rate of speed. Aggravated possession of a stolen motor vehicle is a felony that is not normally classified as a violent offense. That is not to say that it could never involve the use of physical force or violence. However, the law in this state mandates that we must determine from the facts of a particular case whether it was contemplated by defendant that violence might be necessary to enable him and his companion to steal the vehicle and escape arrest. For example, if the evidence showed that defendant deliberately rammed his car into that of the victims or any individual who was in the direct path of the vehicle, there would be no question that the predicate felony, *i.e.*, aggravated possession of a stolen motor vehicle, involved violence or the use of physical force against any individual.

The facts in this case are distinguishable from those in *Golson* and *Bongiorno* where the defendants were armed with guns and deliberately used them when they were facing arrest. It reasonably could be inferred in those cases that the defendants contemplated that violence might and would be necessary to enable them to carry out their crimes. In the case at bar, however, the evidence does not support an inference that defendant contemplated violence or acted intentionally when his vehicle struck that of the victims. The evidence does not support the inference that it was defendant's intent to kill or cause great bodily injury to anyone who got in his way. The circumstances of the accident appear to have been just that, an accident, albeit a very tragic one. We are hard-pressed to say that the facts of this case present a situation where the perpetrators formulated a plan to kill anyone and everyone who got in their way in the event they had to escape. The evidence is clear that defendant was determined to elude capture but not that he intended to kill anyone during the course of that chase.

There is no question that an automobile can be used as a deadly weapon. However, according to the testimony of the witnesses who observed defendant's driving, the stolen van was being operated in a reckless manner. No one testified that it appeared that defendant deliberately collided with the victims' vehicle. What the evidence does demonstrate is that defendant, while legally intoxicated, drove the vehicle in a reckless manner by operating it at an excessive rate of speed in a business area which was populated with pedestrian and vehicular traffic. We do not believe that the felony-murder statute was intended to apply to a situation such as the one we are presented with here where the defendant's actions can be characterized only as grossly reckless.

■ In reviewing the sufficiency of the evidence to sustain a verdict

on appeal, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979); *People v. Thomas*, 178 Ill. 2d 215, 231-32 (1997); *People v. Howery*, 178 Ill. 2d 1, 38 (1997). Under this standard, a reviewing court will not substitute its judgment for that of the trier of fact on issues of the weight of evidence or the credibility of witnesses. *Thomas*, 178 Ill. 2d at 232. Indeed it is the responsibility of the trier of fact to "fairly *** resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789. This same standard of review applies regardless of whether the evidence is direct or circumstantial (*Thomas*, 178 Ill. 2d at 232) and regardless of whether the defendant receives a bench or jury trial (*Howery*, 178 Ill. 2d at 38).

■ Applying this standard, we find that the evidence presented at trial, considered in the light most favorable to the prosecution, shows that defendant acted recklessly prior to and at the time of the fatal collision and that his actions do not come within the purview of the felony-murder statute. Therefore, pursuant to our authority under Supreme Court Rule 615(a)(3), we reduce defendant's conviction of first degree murder to reckless homicide and remand to the circuit court for resentencing. 134 Ill. 2d R. 615(a)(3).

Based upon the foregoing analysis, the conviction is reduced to reckless homicide, defendant's sentence of life imprisonment is vacated, and the matter is remanded for resentencing.

Judgment modified and sentence vacated; cause remanded.

HALL, P.J., and CERDA, J., concur.