THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY D. GREER, Defendant-Appellant.

Fifth District   No. 5—00—0513

Opinion filed January 9, 2002.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Jerry D. Greer (defendant) appeals from his conviction for felony murder. He was convicted in a jury trial in the circuit court of Madison County. On June 16, 2000, defendant was sentenced to serve 30 years in the Illinois Department of Corrections. His argument on appeal is straightforward: he claims that he could not be convicted of felony murder based on the commission of armed violence predicated on unlawful possession of a controlled substance with intent to deliver because armed violence based on unlawful possession with intent to deliver is not a forcible felony. The parties agree that the issue is one of law and that our review is *de novo*. See *People v. Daniels*, 187 Ill. 2d 301, 307 (1999). We will set forth the facts of the case only insofar as they are necessary for our decision.

Defendant was charged with felony murder in that, "in committing a forcible felony, [a]rmed [v]iolence," predicated on unlawful possession of a controlled substance with intent to deliver, he performed acts which caused the death by shooting of the victim. Defendant received a telephone call asking him to deliver cocaine to the residence where the victim was staying. Defendant had delivered cocaine to this residence before, and the resident owed him money for past drug deliveries. Defendant asked his cousin, Gregory Greer, to go along. Gregory had also delivered drugs to this residence before, and the resident owed him money as well. Defendant intended to negotiate the sale of cocaine, while Gregory intended to try to get some of the money owed to him. Gregory showed defendant a gun that he intended to, and did, take along in order to scare the resident into paying him the money she owed him. Defendant advised Gregory not to point the gun at the resident until after defendant had completed his drug sale.

Defendant and Gregory entered the kitchen of the residence and were met by the resident. Defendant was trying to negotiate the drug deal when the victim came into the kitchen. The victim set $63 on the kitchen counter. Either Gregory or defendant grabbed some of the money, and the victim rushed Gregory. Gregory fired the gun, which was in his pocket, into the victim's abdomen. The victim backed off and grabbed a knife, with which he started stabbing Gregory. Gregory shot the victim several more times. The victim died. The drug sale was never completed.

■ Felony murder is the unjustified killing of an individual while "attempting or committing a *forcible felony* other than second degree murder." (Emphasis added.) 720 ILCS 5/9—1(a)(3) (West 2000). A forcible felony is defined in the Criminal Code of 1961:

"Treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement[,] and *any other felony which involves the use or threat of physical force or violence against any individual.*" (Emphasis added.) 720 ILCS 5/2—8 (West 2000).

The question before us is whether armed violence based on unlawful possession of a controlled substance with intent to deliver is a forcible felony within the meaning of the felony murder statute.

■ A person commits armed violence when he uses a firearm in the commission of a felony offense. 720 ILCS 5/33A—2 (West 2000). Unlawful possession of a controlled substance with intent to deliver is a felony offense. 720 ILCS 570/401 (West 2000). But is armed violence

based on the commission of this felony a forcible felony? Armed violence is not specified as a forcible felony in the statute defining that term. 720 ILCS 5/2—8 (West 2000). But does it fall within the residuary clause of that statute as a "felony which involves the use or threat of physical force or violence against any individual"? We conclude that, at least in this case, it does.

■ The Appellate Court, First District, recently addressed a similar question, involving a different underlying offense and, on the facts of that case, reaching a conclusión different from the one we reach herein. Nevertheless, its analysis is dispositive of the case at bar. In *People v. Belk*, 326 Ill. App. 3d 290 (2001), the defendant was charged with felony murder based on the commission of aggravated possession of a stolen motor vehicle. The defendant had stolen an automobile and then fled police, driving the stolen vehicle in a reckless manner and ultimately colliding with another vehicle, killing its two occupants. The defendant argued on appeal that his conviction for felony murder could not stand because aggravated possession of a stolen motor vehicle was neither a specified forcible felony nor a felony involving the use or threat of physical force or violence. Relying on our supreme court's decision in *People v. Golson*, 32 Ill. 2d 398 (1965), the First District answered that the test to be applied in determining whether the felony murder doctrine is applicable is not whether the underlying felony is normally classified as nonviolent, but whether, under the facts of a particular case, it is contemplated by the defendant that violence might be necessary to enable the defendant to carry out the offense. *Belk*, 326 Ill. App. 3d at 293. The First District pointed out that the Illinois Supreme Court has thus interpreted the residual category of unspecified felonies that may serve as the predicate felony for the purpose of a felony murder conviction to include nonviolent felonies that might require force to perpetrate. *Belk*, 326 Ill. App. 3d at 293-94. The First District agreed that aggravated possession of a stolen motor vehicle is not a specified forcible felony, but it stated, "What is at issue is whether, under the facts of this case, the crime of aggravated possession of a stolen vehicle involved the use or threat of physical force or violence against the victims"—that is, whether it was contemplated by the defendant that violence might be necessary to enable him to steal the vehicle and escape arrest. *Belk*, 326 Ill. App. 3d at 294. In light of the fact that the defendant's actions in ramming his vehicle into that of the victims' were reckless and not intentional, the First District concluded, in that case, that aggravated possession of a stolen motor vehicle was not a forcible felony upon which a felony murder conviction could be based. *Belk*, 326 Ill. App. 3d at 295.

In *People v. Golson*, 32 Ill. 2d 398 (1965), the defendant and two

other men set out with the intention of stealing from automobiles. They brought along a gun, which they placed under the dashboard of their car. They did not find any autos to rob, so they decided to steal mail sacks from a loading dock. Driving away with the mail sacks, they were stopped by two postal inspectors. During the ensuing arrest, the postal inspectors were shot and killed by one of the defendant's cohorts. The defendant was convicted of felony murder. On appeal, he argued that he could not be convicted of felony murder because theft from the United States mails is a nonforcible felony which would not normally involve any danger to human life. The Illinois Supreme Court held that the test to be applied in determining whether the felony murder doctrine is applicable is not whether the felony is normally classified as nonviolent, but whether, under the facts of a particular case, it is contemplated that violence might be necessary to enable the perpetrators to carry out their purpose. *Golson*, 32 Ill. 2d at 407-08. The court found that the evidence showed that all three men had participated in the purchase of an ammunition clip for the gun and that they all knew that it had been secreted in the car before they embarked on their illicit scheme. The postal inspectors were shot while the perpetrators were attempting to escape from the scene of the crime. Thus, there was sufficient evidence from which the jury could infer that the perpetrators intended to forcibly resist any attempt to arrest them. Such a plan comes within the doctrine of felony murder since it was contemplated that violence might be necessary to enable the perpetrators to carry out their common purpose. *Golson*, 32 Ill. 2d at 407-08; see also *People v. Auilar*, 59 Ill. 2d 95, 101 (1974).

In *People v. Guest*, 115 Ill. 2d 72, 101 (1986), in comparing the residuary clause of the statutory definition of forcible felony to a similar definition that appears in the California Penal Code, the Illinois Supreme Court reiterated that the residuary clause has been interpreted broadly to include nonviolent felonies which might require force to perpetrate.

■ In the instant case, defendant knew that Gregory was taking a gun with him and that he planned to use it to scare the resident into paying him the money owed from prior illegal drug transactions. There can be little doubt that defendant contemplated that the threat of violence would be used to carry out the scheme upon which the two had embarked. Under these circumstances, defendant cannot escape responsibility for the murder by arguing that the conduct which resulted in death was not a forcible felony. We believe that under these circumstances, armed violence based on unlawful possession of a controlled substance with intent to deliver is a forcible felony within the meaning of the felony murder statute.

We are careful to limit our decision herein to the facts of this case. Defendant correctly argues that the mere presence of a gun during the commission of a felony does not determine whether a crime is a forcible felony. Thus, the offense of armed violence is not inherently a crime involving "the use or threat of physical force or violence" within the meaning of the residuary clause. Nor is the offense of unlawful possession of a controlled substance with intent to deliver inherently or necessarily a forcible felony. It does not inherently "involve the use or threat of physical force or violence." However, applying the test set forth by the Illinois Supreme Court in *Golson*, we find that under the facts of this case defendant committed a forcible felony, and his conviction for felony murder will stand.

Defendant also argues that he cannot be convicted of felony murder because the death did not occur during the course of unlawful possession of a controlled substance with intent to deliver because that offense had been completed before the victim was shot. The evidence belies this contention. The drug sale was not completed prior to the shooting. Indeed, defendant left the scene of the shooting with the cocaine still in his pocket. Right up until the moment of the shooting, defendant was in unlawful possession of a controlled substance with intent to deliver it, and the shooting occurred during the commission of this felony.

■ Finally, we feel compelled to address defendant's argument that we should adopt the meaning given to the term "crime of violence" in cases interpreting the Alcoholism and Other Drug Abuse and Dependency Act (Drug Dependency Act) (20 ILCS 301/1—1 *et seq.* (West 2000)). That act defines "crime of violence" in terms almost identical to the terms in the definition of "forcible felony" in the Criminal Code of 1961, including the identical residuary clause. 20 ILCS 301/1—10 (West 2000). Defendant argues that this court has held that armed violence is not a "crime of violence" within the meaning of the Drug Dependency Act (see *People v. Robinson*, 255 Ill. App. 3d 1067, 1070-71 (1993)). Defendant argues that therefore armed violence cannot be a "forcible felony" under the felony murder statute.

While we find it unnecessary to look to the interpretation of another statute to determine the meaning of forcible felony as used in the felony murder statute, in light of the Illinois Supreme Court's decisions in *Golson*, *Auilar*, and *Guest*, we note that the courts have used nearly the same test in determining what is a crime of violence as the one the Illinois Supreme Court directed us to use in determining what is a forcible felony. In *People v. Freeman*, 167 Ill. App. 3d 740, 745 (1988), this court held that, in determining whether an offense is

a crime of violence within the residuary clause of the definition, "the court must consider the nature of the crime to determine whether it involved force or violence." Thus, the court in *Freeman* held that, while in some cases aggravated criminal sexual abuse may involve force or violence and thereby constitute a crime of violence, in the case before the court, the aggravated criminal sexual abuse involved no force or violence and was not a crime of violence. The court stated, "In sum, the facts of the present case did not amount to a violent crime ***." *Freeman*, 167 Ill. App. 3d at 747.

Similarly, in *People v. Robinson*, 255 Ill. App. 3d 1067, 1070 (1993), the court examined the facts and circumstances of the particular crime in determining that the armed violence based on unlawful possession of a controlled substance with intent to deliver committed there was not a crime of violence. In that case, the defendant was observed placing a gun into the trunk of his car. The defendant was arrested for unlawfully carrying a weapon. A search of his person found a controlled substance, and the defendant was charged with armed violence based on unlawful possession of a controlled substance with intent to deliver. Upon the defendant's conviction, the trial court held that the offense was a crime of violence within the meaning of the Drug Dependency Act. On appeal, the court examined the nature of the crime to determine whether it involved force or violence, and the court determined that it did not. The court determined that the record contained no evidence that the offense involved physical force or the threatened use of force. Accordingly, the crime was not one of violence.

Defendant's reliance on cases decided under the Drug Dependency Act is misplaced. Those cases do not help defendant in this case, where the circumstances of his crime demonstrate that at least the threat of physical force was contemplated.

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby affirmed.

Affirmed.

GOLDENHERSH and KUEHN, JJ., concur.