THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY A. GREER, Defendant-Appellant.

Fifth District No. 5—00—0386

Opinion filed February 6, 2003.—Rehearing denied March 11, 2003.

Ted E. Barylske, of Alton, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

On October 7, 1999, Gregory A. Greer (defendant) was charged by amended indictment with four counts of murder for a single killing. On November 15, 1999, defendant was tried before a jury. During the trial, the State was given leave to dismiss two of the four counts of the amended indictment, leaving the remaining counts of felony murder predicated upon armed violence and robbery. The jury found defendant guilty of felony murder predicated upon armed violence but not guilty of felony murder predicated upon robbery. Defendant appeals. The issues for review are as follows: (1) whether armed violence predicated upon the unlawful possession of a controlled substance with the intent to deliver is a forcible felony under section 2—8 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/2—8 (West 2000)), (2) whether the felony-murder count of the State's amended indictment predicated upon armed violence was obtained in violation of section 112—4(c) of

the Code of Criminal Procedure of 1963 (725 ILCS 5/112—4(c) (West 2000)), (3) whether the court erred in limiting evidence of the victim's use of force against defendant to only the knowing-murder count in the amended indictment, (4) whether the court erred in denying defendant's motions for a directed verdict, (5) whether the court erred in refusing to submit defendant's tendered involuntary manslaughter instruction, (6) whether the court erred in refusing to submit defendant's tendered instructions and interrogatories on the predicate offenses underlying the felony-murder charges, (7) whether defendant was denied a fair trial by the prosecutor's remarks during closing argument, and (8) whether the State engaged in capricious, vexatious, and repetitious conduct that denied defendant his right to a fair trial. We affirm.

## I. BACKGROUND

On the morning of January 2, 1999, Christine Willman purchased crack cocaine from Jerry Greer, defendant's cousin. Later that afternoon, Greer was again contacted to sell cocaine, this time to Willman's friend, Courtney Stevenson (the victim).

After receiving this request, Jerry Greer contacted defendant and asked him to help deliver the drugs. Defendant agreed. Jerry Greer returned to the Willman residence with defendant. Defendant had a handgun with him at the time.

Shortly after they arrived, an argument broke out in the kitchen over the drugs and money. The three men began fighting. The victim was shot in the abdomen when the gun in defendant's pocket fired as he reached for it during the fight. After being shot, the victim walked into the living room, where he told Willman, her daughter Jessica, and her son Jason that he had been shot and asked that they call the police. Returning to the kitchen, the victim used a knife to stab defendant in the shoulder, at which time defendant pulled out the gun from his coat and fired several more shots at the victim. The victim suffered a fatal gunshot to the head and fell to the ground. Defendant was later treated at a local hospital for his wounds.

On October 7, 1999, defendant was charged with the victim's murder by an amended indictment alleging four counts of first-degree murder: count I, intentional or knowing murder; count II, felony murder predicated upon armed violence with unlawful possession of a controlled substance with the intent to deliver; count III, felony murder predicated upon robbery; and count IV, felony murder predicated upon intimidation. On November 15, 1999, defendant's trial commenced. After jury selection, the court granted the State's oral motion to dismiss the felony-murder charge based on intimidation

(count IV). Shortly before closing arguments, the court granted the State's motion to dismiss the knowing- or intentional-murder charge (count I). On November 19, 1999, the jury returned a guilty verdict on count II, felony murder predicated upon armed violence, and a not-guilty verdict on count III, felony murder predicated upon robbery. Defendant made a timely appeal.

## II. ANALYSIS

### Felony Murder Predicated Upon Armed Violence

■ Defendant first argues that count II of the State's amended indictment charging him with felony murder predicated upon armed violence for the unlawful delivery of a controlled substance did not allege a forcible felony as required by section 9—1 of the Criminal Code (720 ILCS 5/9—1 (West 2000)). This court, however, has addressed this issue on essentially the same set of facts in *People v. Greer*, 326 Ill. App. 3d 890, 762 N.E.2d 693 (2002), where Jerry Greer was convicted of felony murder arising from the same incident. Jerry Greer also argued that armed violence predicated on unlawful possession of a controlled substance with the intent to deliver was not a forcible felony and thus could not serve as the basis for a felony-murder conviction. In *Greer* we concluded that armed violence based upon the commission of unlawful possession of a controlled substance with the intent to deliver was a forcible felony falling within the residuary clause of section 2—8 of the Criminal Code. *Greer*, 326 Ill. App. 3d at 892-93, 762 N.E.2d at 694-95. In light of almost identical facts in *Greer* and the case *sub judice*, we reaffirm our conclusion.

### Motion to Dismiss Grand Jury's Indictment

Next, defendant argues that the October 7, 1999, indictment was obtained by the State in violation of section 112—4(c) of the Code of Criminal Procedure of 1963, because no sworn witnesses testified before the grand jury that returned a true bill of indictment against him. We disagree.

On January 4, 1999, defendant was charged by information with one count of knowing first-degree murder. On August 23, 1999, the State was granted leave to file an amended information charging defendant with four counts of first-degree murder: count I, knowing murder; count II, felony murder predicated upon armed violence; count III, felony murder predicated upon robbery; and count IV, felony murder predicated upon intimidation.

On September 23, 1999, the amended information was scheduled for a preliminary hearing. The State, however, objected to a second preliminary hearing because probable cause had already been

established on the original January 4, 1999, information. Despite the State's protestations, the court found that defendant was entitled to another preliminary hearing on the amended information, and the court continued the matter to September 30, 1999.

But on September 30, 1999, the hearing was again continued to October 4, 1999, due to the grand jury's return of a true bill of indictment against defendant charging him with the same counts that had been alleged in the amended information. During the proceedings before the grand jury, no witnesses were sworn. Instead, the State submitted a transcript of sworn testimony given by Detective Jerry Cooley of the Alton police department before an earlier-empaneled grand jury in January 1999.

On October 1, 1999, the State voluntarily dismissed both the indictment and amended information, leaving defendant charged with only count I, the single knowing-murder count in the original information. On October 7, 1999, the grand jury reconvened and the State resubmitted the transcript of Detective Cooley's sworn testimony. The grand jury indicted defendant again. The amended indictment charged defendant with the same four counts of first-degree murder that had been alleged in the amended information.

Shortly after the amended indictment was filed, the court granted defendant's motion to obtain transcripts from the September and October grand jury proceedings. Defendant also obtained affidavits from the two court reporters who had participated in the grand jury proceedings. The affidavits indicated that no testimony had been elicited or witnesses sworn in either proceeding. On November 1, 1999, defendant filed a motion to dismiss the amended indictment. He argued (1) that the State's repeated filing and dismissing of the charges denied him the ability to adequately prepare for trial and (2) that the indictment was defective under sections 114—1(a)(5) and 114—1(a)(9) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—1(a)(5), (a)(9) (West 1998)) because the grand jury failed to elicit sworn testimony from a witness placed under oath at the proceeding. At the hearing on November 15, 1999, the court denied defendant's motion.

■ On appeal, defendant continues to maintain that the grand jury acted contrary to section 112—4(c) of the Code of Criminal Procedure of 1963. Section 114—1(a)(5), the basis for defendant's motion to dismiss, provides that the circuit court may dismiss an indictment where it "was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant." 725 ILCS 5/114—1(a)(5) (West 2000). The pertinent portions of section 112—4 provide as follows:

"(a) The Grand Jury shall hear all evidence presented by the State's Attorney.

(b) The Grand Jury has the right to subpoena and question any person against whom the State's Attorney is seeking a Bill of Indictment, or any other person, and to obtain and *examine any documents or transcripts relevant to the matter being prosecuted* by the State's Attorney. ***

(c) The foreman shall preside over all hearings and swear all witnesses. Except where otherwise provided by this Article, the foreman may delegate duties to other grand jurors and determine rules of procedure." (Emphasis added.) 725 ILCS 5/112—4(a), (b), (c) (West 2000).

Defendant argues that the grand jury's consideration of a transcript of a witness's sworn testimony from a prior grand jury violates section 112—4(c)'s requirement that "[t]he foreman shall *** swear all witnesses." 725 ILCS 5/112—4(c) (West 2000).

Defendant relies upon *People v. Curoe*, 97 Ill. App. 3d 258, 422 N.E.2d 931 (1981), as support for his argument. We find that defendant's reliance on *Curoe* is misplaced. The facts in *Curoe* are significantly different from those in the case *sub judice*. In *Curoe*, the court reversed the circuit court's denial of the defendant's motion to dismiss an indictment that was based upon an *unsworn summary* of testimony offered before a different grand jury. In contrast, here, the prosecutor provided the transcript of the sworn testimony for the grand jurors to read.

■ Defendant's suggested reading of section 112—4(c) would require a witness to return in person to "revalidate" testimony that the witness had sworn to earlier. This is absurd. In point of fact, section 112—4(b) supports the grand jury's consideration of transcripts such as the one involved here, by providing that the grand jury has the right to "obtain and examine any documents or transcripts relevant to the matter being prosecuted by the State's Attorney." 725 ILCS 5/112—4(b) (West 2000). Lastly, we note that defendant has failed to argue, as required under section 114—1(a)(5), how the grand jury's return of the indictment here has resulted in substantial injustice. Accordingly, we cannot find that the court committed error in denying defendant's motion to dismiss the indictment returned against him.

## Evidence of Victim's Use of Force

Defendant also contends that the court erred in limiting evidence of the force the victim used against him to the intentional- or knowing-murder count only. We disagree. In response to the State's request for discovery, defendant disclosed that at the trial he intended to use the

defenses of self-defense and the defense of another (Jerry Greer). During the trial, defendant attempted to present evidence of the victim's use of force during their encounter, to show that the victim was the initial aggressor, by eliciting testimony from Officer Anthony Ventmiglia of the Alton police department concerning (1) a knife covered with blood and feathers that was discovered near the victim's body at the scene, (2) photographs taken of the scene, and (3) photographs of what appeared to be holes in defendant's jacket with down feathers sticking out. The State objected to the relevancy of this evidence with regard to the felony-murder counts and argued that such evidence was relevant only to the offense of knowing or intentional murder alleged in count I. The judge sustained the State's objection.

■ Defendant argues that in limiting evidence of the victim's use of force to the knowing-murder charge (count I), the court prejudiced his ability to present a defense in the felony-murder charge (count II). Relevant evidence is evidence that has any tendency to make a fact in consequence either more likely or less likely. *In re Elias*, 114 Ill. 2d 321, 334, 499 N.E.2d 1327, 1332 (1986). The decision of whether evidence is relevant and admissible is within the discretion of the court and will not be overturned absent a clear abuse of discretion. *People v. Morgan*, 197 Ill. 2d 404, 455, 758 N.E.2d 813, 842 (2001). An abuse of discretion is found only where the court's decision is arbitrary, fanciful, or unreasonable. *Morgan*, 197 Ill. 2d at 455, 758 N.E.2d at 842.

■ Abundant case law exists establishing that self-defense cannot be raised as a defense to felony murder. *People v. Mills*, 252 Ill. App. 3d 792, 799, 624 N.E.2d 384, 389 (1993), citing *People v. Moore*, 95 Ill. 2d 404, 411, 447 N.E.2d 1327, 1330 (1983), and *People v. Baker*, 57 Ill. App. 3d 401, 372 N.E.2d 438 (1978); see also *People v. Trinkle*, 68 Ill. 2d 198, 202, 369 N.E.2d 888, 890 (1977); *People v. Gates*, 47 Ill. App. 3d 109, 115, 361 N.E.2d 809, 813 (1977). And section 7—4 of the Criminal Code explicitly states that a person cannot justify as self-defense actions that occurred while "attempting to commit, committing, or escaping after the commission of[ ] a forcible felony." 720 ILCS 5/7—4(a) (West 2000).

■ In the instant case, defendant concedes that, once the State withdrew the charge of knowing murder, his jury instructions on self-defense could not be supported by the evidence. Despite this concession, defendant argues that he was prejudiced by the court's limiting of evidence of the victim's use of force. Moreover, we observe that, in *People v. Morgan*, 197 Ill. 2d 404, 758 N.E.2d 813 (2001), the Illinois Supreme Court abrogated, or vacated with directions to reconsider, those cases cited and relied upon by defendant in support of his conten-

tions. *Morgan*, 197 Ill. 2d at 450-51, 758 N.E.2d at 840; see also *People v. Toney*, 197 Ill. 2d 581, 759 N.E.2d 1 (2001) (supervisory order); *People v. Luckett*, 197 Ill. 2d 574, 759 N.E.2d 1 (2001) (supervisory order). Therefore, in light of an absence of authority for defendant's position and nearly overwhelming support for the opposite conclusion, we cannot find that the court committed an abuse of discretion in limiting evidence of the victim's use of force to the knowing-murder count.

## Motions for a Directed Verdict

Defendant next argues that the court erred in denying each of his motions for a directed verdict, made at the close of the State's case in chief and also at the close of the evidence. Specifically, defendant argues that his motions for a directed verdict should have been granted due to insufficient evidence showing that he had armed himself because he anticipated that violence would be necessary to complete the drug transaction and insufficient evidence that he was accountable for Jerry Greer's drug transaction.

■■ A defendant's motion for a directed verdict in a criminal jury trial requires the court to consider only whether a reasonable mind could fairly conclude the guilt of the accused beyond a reasonable doubt after considering the evidence in a light most favorable to the prosecution. *People v. Connolly*, 322 Ill. App. 3d 905, 914, 751 N.E.2d 1219, 1226 (2001). "In other words, a motion for a directed verdict of not guilty asks whether the State's evidence *could support* a verdict of guilty beyond a reasonable doubt, not whether the evidence *does in fact support* that verdict." (Emphasis in original.) *Connolly*, 322 Ill. App. 3d at 915, 751 N.E.2d at 1227. Here, defendant was charged with felony murder. The forcible felony serving as the predicate offense for the felony-murder charge was armed violence (720 ILCS 5/33A—2 (West 2000)). Section 33A—2(a) of the Criminal Code states, "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law ***." 720 ILCS 5/33A—2(a) (West 2000). The felony supporting the armed violence charge was defendant's alleged unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(d) (West 2000)). To support a conviction for unlawful possession of a controlled substance with the intent to deliver, the prosecution must prove that defendant had knowledge of the presence of the controlled substance, possession of the controlled substance, and the intent to deliver the controlled substance. *People v. Johnson*, 334 Ill. App. 3d 666, 677, 778 N.E.2d 772, 781-82 (2002), citing *People v. Robinson*, 167 Ill. 2d 397, 407, 657 N.E.2d 1020, 1026 (1995). However, " 'intent is a mental state seldom

susceptible of direct proof but which must be inferred from circumstantial evidence.' " *Johnson*, 334 Ill. App. 3d at 677, 778 N.E.2d at 782, quoting *People v. Neylon*, 327 Ill. App. 3d 300, 310, 762 N.E.2d 1127, 1136 (2002).

■ In the instant matter, the record reveals that the evidence adduced at the trial established the following:

• Defendant had been contacted by Jerry Greer and had been asked to help deliver some drugs.

• Defendant took his mother's car to deliver the drugs with Jerry Greer, and he had a handgun with him at the time.

• An argument over the drugs and money occurred during the drug transaction between the victim and Jerry Greer.

• Defendant and Jerry Greer began fighting with the victim.

• The victim was shot in the stomach after the gun in defendant's pocket fired when he reached for it during the fight.

• The victim walked away saying that he had been shot, but he returned to stab defendant in the shoulder with a knife.

• Defendant eventually pulled the gun out of his pocket and fired it three or four times, fatally striking the victim in the head.

• The victim fell on the ground and defendant fled.

Considering this evidence in a light most favorable to the State, we find that it could have supported a jury's verdict of guilty beyond a reasonable doubt on each element of the charge of felony murder. Accordingly, we cannot find that the court erred in denying each of defendant's motions for a directed verdict.

### Involuntary Manslaughter Instruction

■■ Next, defendant argues that the court erred in refusing to submit his tendered involuntary manslaughter instruction. We review the court's refusal to submit a jury instruction under an abuse-of-discretion standard. *People v. Garcia*, 165 Ill. 2d 409, 432, 651 N.E.2d 100, 111 (1995). The trial court must exercise its discretion in deciding whether the evidence presented requires an involuntary manslaughter instruction. *People v. Miner*, 46 Ill. App. 3d 273, 281, 360 N.E.2d 1141, 1147 (1977). An instruction on a lesser-included offense is not required where the evidence rationally precludes such an instruction. *People v. Lopez*, 245 Ill. App. 3d 41, 47, 614 N.E.2d 329, 334 (1993), *aff'd on other grounds*, 166 Ill. 2d 441, 655 N.E.2d 864 (1995); *People v. Arnold*, 218 Ill. App. 3d 647, 652, 577 N.E.2d 1355, 1360 (1991); *People v. Sanders*, 168 Ill. App. 3d 295, 305, 522 N.E.2d 715, 723 (1988). Where the evidence presented at the trial is sufficient to convict the defendant on the greater offense, instructing only on the greater offense is not reversible error. *People v. Fonville*, 158 Ill. App. 3d 676, 685, 511 N.E.2d 1255, 1262 (1987). "A defendant is

entitled to have the jury instructed on involuntary manslaughter when there is some evidence in the record which would reduce the crime to involuntary manslaughter." *People v. Taylor*, 212 Ill. App. 3d 351, 356, 570 N.E.2d 1180, 1183 (1991). A defendant commits involuntary manslaughter when he unintentionally causes the death of an individual by acts that are performed recklessly and are likely to cause death or great bodily harm to another. *Taylor*, 212 Ill. App. 3d at 356, 570 N.E.2d at 1183. Section 9—3(a) of the Criminal Code provides as follows:

"(a) A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly ***." 720 ILCS 5/9—3(a) (West 2000).

■ Here, defendant does not contend that his act of shooting the victim fatally in the head was done recklessly. Instead, defendant contends that he was entitled to an involuntary manslaughter instruction because a jury could have believed that his second shooting of the victim in the head was necessary to protect the life of Jerry Greer and therefore was done in the justifiable defense of another. This characterization of the evidence, even if believed by the jury, does not support the submission of an involuntary manslaughter instruction. Accordingly, we cannot find that the court abused its discretion in refusing to submit defendant's tendered instruction.

## Lesser-Included Instruction or Submission of Interrogatories on Predicate Felony

Defendant now argues that the court erred in refusing to submit his tendered instructions on the predicate felony of armed violence as a lesser-included offense or his alternative tendered interrogatories concerning the jury's findings on the armed violence predicate. We disagree.

At the jury-instruction conference, defendant tendered instructions, complete with forms of verdict, on armed violence. Defendant argued that he was entitled to the instructions to prevent him from being found guilty of felony murder without the jurors first finding that he was guilty of armed violence. Defendant also argued that submitting the instructions on armed violence would provide a record of whether a finding of guilt on the predicate offense was unanimous. The court denied defendant's request.

Defendant then tendered interrogatories which would ask the jurors to indicate whether they believed that the State had proven the predicate offense beyond a reasonable doubt. The State again objected and the court denied the submission of the interrogatories. The next

day the State withdrew the knowing-murder charge of the amended indictment.

Defendant now contends that instructing the jury on armed violence as a lesser-included offense was essential because (1) he denied that he was a part of the drug deal and (2) the State failed to prove that the force he used was related to the drug deal. Defendant suggests that, from the evidence presented, the jury could have found that he knowingly killed the victim but that he was not involved in the drug deal. Defendant also suggests that it was possible that the jurors could have believed that he was involved in the drug deal but that the killing was not the product of the drug deal. Thus, defendant contends that he was entitled to an instruction on armed violence as a lesser-included offense because, absent such an instruction, there would be no assurance that the State proved him guilty of the predicate offense.

Both defendant and the State concede that offenses serving as the predicate offense for a felony-murder charge are indeed lesser-included offenses. The parties disagree, however, on whether armed violence should have been instructed on. Simply identifying the existence of a lesser-included offense does not necessarily create an automatic right to an instruction on that offense. *People v. Novak*, 163 Ill. 2d 93, 108, 643 N.E.2d 762, 770 (1994). A defendant is entitled to have the jury instructed on a lesser-included offense only if the evidence presented at the trial would permit a jury to rationally find the defendant guilty of the lesser-included offense and acquit him or her of the greater offense. *Novak*, 163 Ill. 2d at 108, 643 N.E.2d at 770. Where the factual issues to be resolved by the jury are the same for the lesser and greater offenses, a lesser-included-offense instruction is not proper. *Novak*, 163 Ill. 2d at 108, 643 N.E.2d at 770. Instructing on the lesser-included offense is only proper where the charged greater offense requires the jury to find a disputed factual element that is not required for a conviction of the lesser-included offense. *Novak*, 163 Ill. 2d at 108, 643 N.E.2d at 770. A disputed factual element may be found where conflicting testimony was presented at the trial on the element that distinguishes the greater offense from the lesser offense or where the lesser offense may fairly be inferred from the evidence presented. *Novak*, 163 Ill. 2d at 108, 643 N.E.2d at 770.

Section 9—1(a)(3) of the Criminal Code provides, "A person who kills an individual without lawful justification commits first [-]degree murder if, in performing the acts which cause the death[,] *** he is attempting or committing a forcible felony other than second[-]degree murder." 720 ILCS 5/9—1(a)(3) (West 2000). The

amended indictment alleged that the predicate offense supporting the felony-murder charge was armed violence pursuant to section 33A—2 of the Criminal Code, a forcible felony satisfying section 9—1(a)(3) as determined in the foregoing portions of this decision. Section 33A—2(a) of the Criminal Code states, "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law ***." 720 ILCS 5/33A—2(a) (West 2000). The felony "defined by Illinois Law" supporting the armed violence charge was unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(d) (West 2000)).

 In the instant case, the only potentially disputed factual element required to convict defendant of felony murder but not required to convict him of armed violence is whether he was attempting to commit, or actually committing, armed violence *when* he performed the acts that caused the victim's death. After a careful review of the record in this case, we cannot find that there was "any," "some," "slight," or even "very slight" evidence that disputes that the victim was killed when defendant committed armed violence in the unlawful possession of a controlled substance with the intent to deliver. See *Novak*, 163 Ill. 2d at 108-09, 643 N.E.2d at 770. Accordingly, we cannot find that the court abused its discretion in refusing to submit defendant's tendered instruction on the underlying predicate felony of armed violence.

 Defendant also contends that the court erred in refusing to submit his tendered interrogatories for the jury's finding on the predicate felony of armed violence. Defendant claims that it was impossible for the jurors to rid their minds of evidence presented on the knowing-murder count (included throughout most of the trial) after the count's dismissal, despite the court's instructing the jury to disregard such evidence. Defendant contends that he should have been allowed to ascertain through interrogatories submitted to the jury whether his conviction for felony murder was based upon a finding of guilt on the predicate felony. Further, defendant claims that the submission of interrogatories was necessary to ensure that his conviction was free from the taint of evidence presented on the withdrawn knowing-murder count. However, the use of special interrogatories is not provided for in the Code of Criminal Procedure of 1963 and is a disfavored practice. *People v. Testin*, 260 Ill. App. 3d 224, 235, 632 N.E.2d 645, 652 (1994). Further, defendant has failed to cite to authority in support of these arguments, and any issue that has not been sufficiently or properly presented to this court for review is waived. *Pecora v. Szabo*, 109 Ill. App. 3d 824, 826, 441 N.E.2d 360, 361 (1982). A court of review is entitled to have the issues clearly defined with

pertinent authority cited. *Southwestern Illinois Development Authority v. Vollman*, 235 Ill. App. 3d 32, 38, 600 N.E.2d 926, 929-30 (1992). The appellate court is not simply a depository into which an appealing party may dump the burden of argument and research. *Pecora*, 109 Ill. App. 3d at 825-26, 441 N.E.2d at 361. Accordingly, we cannot find that the court abused its discretion in refusing to submit the interrogatories tendered by the defendant here.

### Closing Argument

Next, defendant argues that the prosecution's closing argument, and the court's handling of objections during argument, misled and prejudiced the jury.

■ It is well-settled that prosecutors enjoy wide latitude in closing arguments, and the scope of permissible argument rests within the sound discretion of the trial court. Absent a clear abuse of discretion, the court's determination of the propriety of the argument will stand. *People v. Hester*, 271 Ill. App. 3d 954, 957, 649 N.E.2d 1351, 1355 (1995). Any improper comments or remarks made by a prosecutor in closing argument are not reversible error unless they are a material factor in the conviction or cause substantial prejudice to the accused. *People v. Sutton*, 316 Ill. App. 3d 874, 893, 739 N.E.2d 543, 558 (2000). In reviewing allegations of prosecutorial misconduct, the court must consider the arguments of both the prosecutor and the defense in their entirety and place the allegations of improper comments in context. *Sutton*, 316 Ill. App. 3d at 893, 739 N.E.2d at 558. To warrant a reversal, the prosecutorial remarks must result in substantial prejudice to the accused, such that the verdict would have been different had the improper comments not been made. *People v. Terry*, 99 Ill. 2d 508, 517, 460 N.E.2d 746, 750 (1984).

■ We first note that many of the prosecutor's remarks in closing argument, now alleged to be improper and prejudicial, were not objected to by defendant at the trial. In order to preserve an alleged error for review, both a trial objection and a written posttrial motion raising the error are required. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). A defendant waives the right to raise certain errors in a later proceeding by failing to object to those errors at the trial. *Sutton*, 316 Ill. App. 3d at 893, 739 N.E.2d at 559. "A fundamental concept of our adversary system is that counsel must contemporaneously object at trial to errors." *Sutton*, 316 Ill. App. 3d at 893, 739 N.E.2d at 559, citing *People v. Garcia*, 165 Ill. 2d 409, 651 N.E.2d 100 (1995). A defendant's failure to provide the trial court with the opportunity to prevent or correct errors at the trial may enable the defendant to gain the advantage of obtaining the reversal of a

conviction by intentionally or inadvertently failing to timely act at the trial. *Sutton*, 316 Ill. App. 3d at 893, 739 N.E.2d at 559, citing *People v. Carlson*, 79 Ill. 2d 564, 577, 404 N.E.2d 233, 239 (1980).

However, the plain error rule provides a narrow and limited exception to the general waiver rule. Illinois Supreme Court Rule 615(a) states as follows:

> "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a).

Therefore, those errors affecting substantial rights, or plain errors, may be reviewed under Rule 615(a), even when they were not objected to at the trial or sufficiently presented in a written posttrial motion. *In re R.A.B.*, 197 Ill. 2d 358, 362-63, 757 N.E.2d 887, 890 (2001). The plain error rule provides review in two limited circumstances: "(1) where the evidence is closely balanced[ ] or (2) when the errors are of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process." *People v. Nieves*, 192 Ill. 2d 487, 502-03, 737 N.E.2d 150, 158 (2000), citing *People v. Vargas*, 174 Ill. 2d 355, 363, 673 N.E.2d 1037, 1041 (1996). Where a defendant neither argues that the evidence was closely balanced nor establishes that the errors were so severe that they must be remedied to preserve the integrity of the judicial process, he or she waives any argument that plain error should be invoked on review. *People v. Tye*, 323 Ill. App. 3d 872, 887, 753 N.E.2d 324, 339 (2001). Here, the record does not reveal that defendant's waiver of the State's allegedly improper remarks in closing has been overcome by the plain error doctrine.

Furthermore, for some of the prosecutorial remarks that defendant now claims were improper, the court promptly sustained defendant's objection, and the jury was instructed to disregard them. Generally, the trial court can correct any error resulting from an improper remark by sustaining the objection or instructing the jury to disregard the remark. *People v. Foster*, 322 Ill. App. 3d 780, 791, 757 N.E.2d 894, 904 (2000). Here, we find that any error or prejudice that may have been caused by the prosecutor's remarks was cured by the court's action.

Though we find many of defendant's claims concerning the propriety of the prosecutor's closing remarks to have been either waived by defendant's failure to object or cured by the court's sustaining of defense objections and instructing the jury to disregard them, we have nevertheless examined the arguments of both the State and the defense in their entirety and placed those remarks into proper

context in our review of those claims properly before us. We cannot find that the arguments of the parties exceeded the permissible scope of closing argument. Significantly, and in light of the evidence adduced at the trial prior to closing arguments, we cannot find that the prosecutor's comments were a material factor in defendant's conviction or that the verdict would have been different had such remarks not been made at all.

## Vexatious and Repetitious Conduct

Lastly, defendant argues that he was denied a fair trial due to misconduct committed by the prosecution. The claimed acts of misconduct include (1) the State's repeated filing and dismissing of the charges, done in part to avoid a preliminary hearing, (2) the return of an indictment from grand jury proceedings without witness testimony, (3) improper remarks by the prosecutor during closing argument, and (4) the State's *nolle prosequi* of the knowing-murder count after the jury-instruction conference. Defendant contends that this conduct was capricious, vexatious, and repetitious, resulting in a denial of his right to be aware of the nature and substance of the offenses charged, to the effective assistance of counsel, and to a fair trial. We disagree.

■ Defendant's claims of capricious, vexatious, and repetitious prosecutorial misconduct largely repeat arguments offered in previously described portions of defendant's brief and addressed by us previously herein. After examining these claims individually in the first instance, we have not been able to find that defendant has demonstrated, or even argued in some instances, that he has suffered prejudice as a result of the alleged instances of prosecutorial conduct. The only claims not appearing in defendant's previous argument concern the State's *nolle prosequi* of the knowing-murder charge (count I) before closing argument and the State's repeated filing and dismissing of the charges by information and indictment.

■ "A motion to nol-pros a charge must be allowed unless it is part of a vexatious or repetitious course of conduct directed against the defendant." *People v. Jones*, 188 Ill. App. 3d 183, 190, 543 N.E.2d 1322, 1327 (1989). The court shall allow the State to nol-pros a charge unless persuaded that the action is capricious or vexatiously repetitious or that the entry will prejudice the defendant. *People v. Davies*, 136 Ill. App. 3d 212, 215, 483 N.E.2d 435, 437 (1985). Even though defendant does not indicate that he objected to the State's *nolle prosequi* of the knowing-murder charge at the trial, he now implies that the timing of the State's withdrawal of this charge, after the initial jury-instruction conference and before closing argument, caused

him prejudice since it required him to modify his prepared closing argument. However, beyond this allegation, defendant fails to demonstrate how any modification to his closing argument caused him to suffer substantial prejudice or otherwise denied him a fair trial.

■ Defendant also argues that, once the court had determined that he was entitled to a preliminary hearing on the amended information, the State engaged in a "display of gamesmanship" to get around the court's ruling by (1) indicting him, (2) then dismissing both the indictment and the amended information, and (3) then indicting him again. Despite defendant's allegation that the State was attempting to get around the court's ruling entitling him to a preliminary hearing, he does not suggest why the State was interested in doing so, nor does he suggest how he was prejudiced by the State's actions in this regard. Because "[t]he weight of judicial authority has determined that the grand jury and the preliminary hearing are constitutional substitutes that can be interchanged without offending equal protection guarantees" (*People v. Garza*, 92 Ill. App. 3d 723, 732, 415 N.E.2d 1328, 1336 (1981)), we cannot find that this conduct by the State denied defendant his right to a fair trial.

■ Here, defendant has urged several allegations of prosecutorial misconduct that caused him to be denied a fair trial. However, our examination of each of defendant's claims has not uncovered capricious, vexatious, or repetitious conduct by the State in a single instance. Nevertheless, defendant also contends that cumulatively these individual instances of conduct by the State constitute a "course" of capricious, vexatious, or repetitious conduct. However, our examination of the record in review of defendant's claims does not lead us to the same conclusion.

## III. CONCLUSION

For the foregoing reasons, the jury's verdict and the judgment of the circuit court are affirmed.

Affirmed.

HOPKINS, P.J., and MAAG, J., concur.